### STING *v.* DAVIS

1. TRIAL JURY—INSTRUCTIONS.
   Neither party has a right to demand any particular language or exact form for instructions to a jury, so long as the charge covers all essential ingredients.

2. WITNESSES — AUTOMOBILES — EVIDENCE — CROSS-EXAMINATION — TRAFFIC CONVICTIONS.
   Cross-examination of defendant driver with regard to his traffic convictions both before and after the accident in which plaintiff was injured was proper where the jury was instructed that the traffic convictions were admitted solely for the purpose of testing that defendant's credibility (GCR 1963, 607).

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 February 6, 1970, at Grand Rapids. (Docket No. 7,248.) Decided February 27, 1970. Leave to appeal granted August 26, 1970. 384 Mich 751.

Complaint by Edgar Sting against Norman Davis, Kenneth Harrington, and Louise Harrington for damages resulting from an automobile collision. Judgment for plaintiff. Defendants appeal. Affirmed.

*van Benschoten & van Benschoten,* for plaintiff.

*Smith & Brooker, P. C. (Webster Cook,* of counsel), for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 541.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 944.

Before: Holbrook, P. J., and Danhof and Rood,* JJ.

Per Curiam. This case arises from an automobile accident which occurred in the pre-dawn hours of August 5, 1962, in Saginaw County, Michigan. Plaintiff was driving north on Davis Road at about 35 miles per hour. Defendant, Norman Davis, was driving south in a vehicle owned by defendants Kenneth and Louise Harrington at about 50 miles per hour. North of where the collision occurred, Davis swerved his vehicle off the road to the right allegedly in an effort to avoid hitting a dog. The Davis vehicle continued in a southerly direction partially off the road until it suddenly veered back on the road, crossed the center line and collided with the Sting vehicle, thereby injuring plaintiff.

Plaintiff, in his action, alleged negligence against defendant Davis and negligent entrustment against defendants Harrington in light of Davis' poor driving record. Defendants answered that Davis was free from negligence in that the dog allegedly created a sudden emergency and further alleged contributory negligence on the part of plaintiff in failing to make an effort to avoid the collision.

The jury returned a verdict for plaintiff in the amount of $50,000. From a denial of motion for new trial or remittitur, defendants appeal.

On appeal, the defendants contend that the trial court erred in refusing to give the defendants' requested instructions as to contributory negligence.

A review of the charge as given by the trial court convinces this Court that said charge was more than adequate.

The charge as given had all the essential ingredients without the excessive verbiage sought by the

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

defendants; and so long as the charge covers those essentials, neither party has a right to demand any particular language of exact form. *Taylor* v. *Hannon-Colvin Post 180 of American Legion* (1967), 6 Mich App 398; *Cooper* v. *Tranter Manufacturing, Inc.* (1966), 4 Mich App 71.

The defendants also contend that the trial court erred in allowing the cross-examination of defendant, Davis, with regard to traffic convictions both prior to and subsequent to the date of the accident in question here, for the purposes of impeachment. However, since the trial court properly instructed the jury that the traffic convictions were admitted solely for the purpose of testing Davis' credibility, it was not an abuse of the trial court's discretion to allow the defendant to be questioned as to those convictions. GCR 1963, 607; *Taylor* v. *Walter* (1968), 15 Mich App 361; *Williams* v. *Fiedlar* (1970), 22 Mich App 179.

We find no merit in the contention that the plaintiff pleaded negligent entrustment as a device to allow the admission of defendant Davis' driving record prior to the accident, then abandoned this theory.

Affirmed. Costs to plaintiff.