STING *v.* DAVIS

OPINION OF THE COURT

1. AUTOMOBILES — NEGLIGENCE — ORDINARY CARE — INSTRUCTIONS — PROXIMATE CAUSE — BURDEN OF PROOF.

Charge to jury, in an action for damages resulting from an automobile collision, was proper where the judge carefully explained the duty of plaintiff to use ordinary care for his own safety, that plaintiff could not recover if he was negligent and such negligence was a proximate contributing cause, and plaintiff's burden of proof.

2. WITNESSES — CREDIBILITY — AUTOMOBILES — NEGLIGENCE — DRIVING RECORD — DUE CARE.

On the issue of whom to believe in a contested motor vehicle accident case, the driving record of a plaintiff or a defend-

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1031, 1035.
[2–7] 58 Am Jur, Witnesses § 860 *et seq.*
[3] Right to cross-examine accused as to previous prosecution for, or conviction of, crime, for purpose of affecting his credibility, 161 ALR 233.
[4] Admissibility, on cross-examination or otherwise, of evidence that witness in a civil action had been under arrest, indictment, or other criminal accusation on a charge growing out of the accident, transaction or occurrence involved in the civil action, 149 ALR 935.
  Right to cross-examine accused as to previous prosecution for, or conviction of, crime, for purpose of affecting his credibility, 161 ALR 233.
[5] Admissibility, on cross-examination or otherwise, of evidence that witness in a civil action had been under arrest, indictment, or other criminal accusation on a charge growing out of the accident, transaction, or occurrence involved in the civil action, 149 ALR 935.
[7] Admissibility, on cross-examination or otherwise, of evidence that witness in a civil action had been under arrest, indictment, or other criminal accusation on a charge growing out of the accident, transaction, or occurrence involved in the civil action, 149 ALR 935.
  Permissibility of impeaching credibility of witness by showing former conviction, as affected by pendency of appeal from conviction or motion for new trial, 16 ALR3d 726.

ant can become a crucial evidentiary factor and that driving history, both before and after the accident, whether it be for serious or minor infractions of the vehicle code, can have a vital bearing in enabling a jury to determine the truth of a plaintiff's or defendant's testimony as to the exercise of due care (GCR 1963, 607).

3. WITNESSES — CROSS-EXAMINATION — CREDIBILITY — DRIVING HISTORY — JUDGES — DISCRETION — AUTOMOBILES.

Under court rule, as presently adopted by the Michigan Supreme Court, a trial judge has no discretion to exclude cross-examination with regard to the driving history of a plaintiff-driver or a defendant-driver, such cross-examination being proper to test the credibility of the witness' testimony with regard to the central fact issue in the case (GCR 1963, 607).

## CONCURRING OPINION

### T. G. KAVANAGH, J.

4. WITNESSES — CROSS-EXAMINATION — CREDIBILITY — PRIOR CONVICTIONS — DISCRETION — COURT RULES.

*Under Michigan law as it now stands, questioning of a witness to test his credibility may include questions about prior convictions and under a court rule such questioning is permitted in the discretion of the trial judge; therefore, where the trial judge saw fit to permit such questioning, it cannot be concluded that he abused his discretion (GCR 1963, 607).*

## DISSENTING OPINION

### T. E. BRENNAN, J.

5. WITNESSES — COMPETENCY — CREDIBILITY — INFAMOUS CRIMES — COMMON LAW — STATUTES.

*At common law, a person convicted of infamous crime was incompetent to testify as a witness but this disability was abrogated in Michigan by statute which provided that a conviction of crime may be shown in questioning the credibility of the witness (MCLA §§ 600.2158, 600.2159).*

6. WITNESSES — CREDIBILITY — COMMON LAW — NON-INFAMOUS CRIMES — PETTY OFFENSES.

*There never was any common law rule that non-infamous crimes or petty offenses could be shown to affect the credibility of a witness.*

7. Witnesses — Credibility — Prior Convictions — Statutes —
Common Law.

> The right to show prior convictions as affecting the credibility
> of a witness is only as broad as the statute makes it and the
> statute is only as broad as the former common law disability
> of a witness; thus, it follows that only those infamous crimes
> which, at common law, would have disqualified the witness,
> may be shown as affecting his credibility (MCLA §§ 600.2158,
> 600.2159).

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and Danhof and Rood, JJ., affirming Saginaw, Hazen R. Armstrong, J. Submitted October 9, 1970. Resubmitted February 4, 1971. (No. 32 January Term 1971, Docket No. 52,773.) Decided April 8, 1971.

22 Mich App 373 affirmed.

Complaint by Edgar Sting against Norman Davis, Kenneth Harrington and Louise Harrington for damages resulting from an automobile collision. Judgment for plaintiff. Defendants appealed to the Court of Appeals. Affirmed. Defendants appeal. Affirmed.

*van Benschoten & van Benschoten,* for plaintiff.

*Smith & Brooker, P. C.* (by *Webster Cook* and *Mona C. Doyle*), for defendants.

Adams, J. The facts and proceedings in this case, as stated in a *per curiam* opinion of the Court of Appeals (22 Mich App 373), affirming the trial court, are as follows:

"This case arises from an automobile accident which occurred in the pre-dawn hours of August 5, 1962, in Saginaw County, Michigan. Plaintiff was driving north on Davis Road at about 35 miles

per hour. Defendant, Norman Davis, was driving south in a vehicle owned by defendants Kenneth and Louise Harrington at about 50 miles per hour. North of where the collision occurred, Davis swerved his vehicle off the road to the right allegedly in an effort to avoid hitting a dog. The Davis vehicle continued in a southerly direction partially off the road until it suddenly veered back on the road, crossed the center line and collided with the Sting vehicle, thereby injuring plaintiff.

"Plaintiff, in his action, alleged negligence against defendant Davis and negligent entrustment against defendants Harrington in light of Davis' poor driving record. Defendants answered that Davis was free from negligence in that the dog allegedly created a sudden emergency and further alleged contributory negligence on the part of plaintiff in failing to make an effort to avoid the collision."

These further facts and proceedings are pertinent to this appeal: Sting testified that he noticed Davis' car, when several hundred feet down the road, "was quite far over on his side of the road" but that he thought little of it. The next thing he knew, Davis' car "had me pinned down head-on." Davis was cross-examined without objection as to the traffic conviction arising out of the accident. It was admitted on the trial that Davis' prior driving record could be shown because plaintiff had included a count in negligent entrustment by co-defendants. The trial judge overruled defendants' objection to questions regarding Davis' post-accident traffic convictions. The trial judge relied mainly on standard jury instructions in charging the jury. He told them to consider the testimony regarding Davis' driving record for the purpose of testing credibility. Defendants objected to the judge's refusal to give the instructions offered as to contributory negli-

gence. The jury returned a verdict for plaintiff against all defendants.

## I. STANDARD JURY INSTRUCTIONS

Defendants claim the trial court's standard jury instructions failed meaningfully to relate the definition of contributory negligence to the pertinent testimony in this case, quoting from *Hill* v. *Harbor Steel & Supply Corporation* (1965), 374 Mich 194, 207. The charge in the case at bar was given on January 23, 1969, prior to our order of April 14, 1970, with regard to standard jury instructions. (383 Mich xv.) The trial judge might have better related the law and the evidence in accordance with *Hill*. However, the trial judge did charge as to contributory negligence in accordance with the standard jury instructions. Upon a reading of the court's entire charge in which the judge carefully explained the duty of plaintiff to use ordinary care for his own safety, that plaintiff could not recover if he was negligent and such negligence was a proximate contributing cause and plaintiff's burden of proof, we find no error.

## II. GCR 607 AND CROSS-EXAMINATION OF DEFENDANT

Defendants here principally complain of the questions to defendant Davis relating to post-accident traffic convictions. However, they now also object to the questions relating to ante-accident convictions on the ground that plaintiff's negligent entrustment count was a mere "evidentiary subterfuge" to gain admission of otherwise improper evidence. As to all the questions relating to Davis' driving record,

defendants here argue that revised GCR 1963, 607*
does not permit such questions to test a defendant's
credibility in an auto tort case unless there is other
independent basis for admissibility. They say only
questions relating to crimes involving moral turpi-
tude can be said to truly test the credibility of the
witness and that precautionary instructions cannot
overcome the likelihood of prejudice against a de-
fendant.

The right to impeach a witness' credibility by
cross-examination and the possibility of prejudice
as a result of such interrogation were examined at
length in the opposing opinions in *Taylor* v. *Walter*
(1970), 384 Mich 114. A further extended discus-
sion is unwarranted.

GCR 1963, 607 was adopted by this Court in
accordance with its rulemaking powers as to evi-
dentiary matters. The central issue in practically
every contested motor vehicle accident case is
whether defendant-driver was guilty of negligence
and, if the plaintiff was the driver of the other
motor vehicle, whether he was free from contribu-
tory negligence. As to the defendant, the question
which confronts the jury is whether to believe the
claim of the plaintiff that the defendant was negli-
gent or the claim of the defendant that he was not
negligent and, as to a plaintiff-driver, the issue is
just the reverse. Almost invariably, as in this case,
the defendant asserts, "I did not drive in a negligent
fashion." If the plaintiff was also a motor vehicle
driver, as in this case, he makes the same assertion
as to his driving upon finding himself accused of

---

* GCR 1963, 607 (374 Mich xv). "During the trial of civil actions
the rules of evidence approved in *Van Goosen* v. *Barlum*, 214 Mich
595; *Zimmerman* v. *Goldberg*, 277 Mich 134; *Socony Vacuum Oil Co.*
v. *Marvin*, 313 Mich 528; *Cebulak* v. *Lewis*, 320 Mich 710, and re-
enacted by PA 1961, No 236, § 600.2158, shall prevail, anything in
section 731 of the Michigan vehicle code (CLS 1961, § 257.731) to
the contrary notwithstanding."

being the responsible party because of negligent driving. On the issue of whom to believe, the driving record of a plaintiff or of a defendant can become a crucial evidentiary factor. That driving history, both before and after the accident, whether it be for serious or minor infractions of the vehicle code, can have a vital bearing in enabling a jury to determine the truth of a plaintiff's or defendant's testimony as to the exercise of due care.

We conclude that under GCR 1963, 607, as presently adopted by this Court, a trial judge has no discretion to exclude cross-examination with regard to the driving history of a plaintiff-driver or of a defendant-driver, such cross-examination being proper to test the credibility of the witness' testimony with regard to the central fact issue in the case.

The issue as to negligent entrustment was not properly saved. Furthermore, our decision as to the scope of GCR 1963, 607 is controlling.

The Court of Appeals and the trial court are affirmed. Costs to plaintiff.

T. M. Kavanagh, C. J., and Black, Swainson and Williams, JJ., concurred with Adams, J.

T. G. Kavanagh, J. (*concurring*). I concur with Justice Adams' conclusion that under Michigan law as it now stands, the questioning of a witness to test his credibility may include questions about prior convictions. For the reasons set forth in the *per curiam* opinion in *Taylor* v. *Walter* (1968), 15 Mich App 361, I think GCR 1963, 607 permits such questioning in the discretion of the trial judge.

Since the trial judge here saw fit to permit it, I cannot conclude he abused his discretion despite

my strong conviction that it should not have been done.

Judge CHARLES L. LEVIN,[1] Mr. Joel Cohen[2] and Professor Alexander D. Brooks of the Rutgers Law School[3] have highlighted the importance of this question to our criminal jurisprudence.

Recognizing this, and believing it to be no less important to our civil jurisprudence, I am of the opinion that the Michigan rule should be improved.

T. E. BRENNAN, J. (*dissenting*). I stand for reversal.

At common law, a person convicted of infamous crime was incompetent to testify as a witness.

By statute in Michigan,[*] this common law disability was abrogated. That statute provided, however, that "such * * * conviction of crime, may be shown for the purpose of drawing in question the credibility of such witness * * * ."

There was never any common law rule that non-infamous crimes or petty offenses could be shown to affect the credibility of a witness. Nor is there any logic in the proposition that a traffic violator is a liar. The relationship between conviction of crime and credibility is not based in logic; it is founded upon legislative fiat. The right to show prior convictions as affecting credibility is only as

---

[1] *People* v. *Hall* (1969), 19 Mich App 95, 111–115.

[2] *Impeachment of a Defendant-Witness by Prior Conviction*, 6 Criminal Law Bulletin 26 (1970).

[3] *The Treatment of Witnesses in the Proposed Rules of Evidence of the United States District Courts: article IV*, 25 Record of NYCBA 632 (1970). This article discusses Rule 6–09, as set forth in the preliminary draft of proposed Rules of Evidence for the United States District Courts and Magistrates prepared by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, March, 1969.

[*] MCLA §§ 600.2158, 600.2159 (Stat Ann 1962 Rev §§ 27A.2158, 27A.2159).

broad as the statute makes it; and the statute is only as broad as the former common law disability of a witness. It follows that only those infamous crimes, which, at common law, would have disqualified the witness, may be shown as affecting his credibility.

