OLWEEAN *v.* WAYNE COUNTY ROAD COMMISSION

1. WITNESSES—CROSS-EXAMINATION—IMPEACHMENT—DRIVING REC-
   CORD—CONVICTION—COURT RULE.
   Court rule regarding cross-examination for credibility is strictly
   concerned with the impeachment of an individual by resort to
   his own driving record or other conviction, not that of some
   third party (GCR 1963, 607).

2. EVIDENCE.
   Once either party has put some fact into evidence, the other party
   has an unquestioned right to fully develop all facts and cir-
   cumstances surrounding the subject matter.

3. NEGLIGENCE—EVIDENCE—REBUTTAL TESTIMONY—INSTRUCTIONS.
   Testimony, rebutting testimony that a driver of a vehicle was of
   average skill, that he had been careless on other occasions
   where the question is one of negligence is admissible for a very
   narrow purpose only and the party against whom it is being
   employed has the right to request a limiting instruction; how-
   ever, accompanying this right, such party has a duty to present
   the court with a properly phrased instruction.

4. APPEAL AND ERROR—INSTRUCTIONS.
   Trial judge properly refused plaintiff's handwritten request to
   charge where that proposed instruction did not properly state
   the law.

5. EVIDENCE—ADMISSIBILITY—TESTIMONY—REBUTTAL TESTIMONY—
   CREDIBILITY—EVIDENCE IN CHIEF—DISCRETION.
   Counsel ought to state, when offering testimony, the purpose for
   which it is being offered, whether it is for rebuttal, for attack-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses §§ 625, 626, 759, 760.
[2] 53 Am Jur, Trial § 97.
[3] 53 Am Jur, Trial § 120.
[4] 4 Am Jur 2d, Appeal and Error § 537, 538.
[5] 53 Am Jur, Trial §§ 116, 120.
[6] 5 Am Jur 2d, Appeal and Error § 545.

ing the credibility of a witness, or as "evidence in chief", as this would enable the trial court in its discretion to properly rule on its admissibility.

6. APPEAL AND ERROR—OBJECTION—WITNESSES—DRIVING RECORD—
NEGLIGENT ENTRUSTMENT—DEATH.

The Michigan Supreme Court need reach no decision with respect to whether the trial court committed reversible error in admitting the driving record of defendant's driver, when plaintiff had pleaded negligent entrustment of a vehicle in a wrongful death action, since plaintiff did not preserve the issue for appeal by timely objection.

Appeal from Court of Appeals, Division 1, Holbrook, P. J., and R. B. Burns and O'Hara, JJ., affirming Wayne, Horace W. Gilmore, J. Submitted June 22, 1971. (No. 19 June Term 1971, Docket No. 53,030.) Decided September 28, 1971.

26 Mich App 121 affirmed.

Complaint by Adam Olweean, administrator of the estate of Michael Morey, deceased, against Wayne County Road Commission for damages under the wrongful death act. Verdict and judgment of no cause of action. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Affirmed.

*Albert Lopatin (Theodore M. Rosenberg, of counsel), for plaintiff.*

*Martin, Bohall, Joselyn, Halsey & Rowe, P. C.,* for defendant.

T. M. KAVANAGH, C. J. Plaintiff's decedent was killed on the night of June 9, 1965, in an automobile accident on the Edsel Ford Freeway in the City of Detroit. The deceased's car collided with

a truck of the defendant road commission, which had been parked in the leftmost lane of the eastbound freeway.

Ed Nelson, the operator of the truck, had left the vehicle and with fellow employees of the defendant was either engaged in repairing the freeway or about to begin repairing it when the accident occurred.

Plaintiff instituted suit in the Wayne County Circuit Court to recover from defendant pursuant to the wrongful death act.*

During the course of the trial evidence was introduced by the plaintiff through two witnesses purporting to establish that the deceased was a careful driver. On cross-examination defendant sought to refute this claim. He was allowed to introduce, over plaintiff's objection, the driving record of the deceased. This record listed 26 convictions.

The defendant also introduced, but without objection, the driving record of Ed Nelson into evidence. At this point in the trial the plaintiff had offered no direct testimony impugning Nelson's driving ability, nor was any such testimony put forth subsequently. However, the plaintiff had alleged in his complaint that defendant negligently entrusted the truck to an individual with a "bad driving record". This charge has never been abandoned, stricken or dismissed.

In connection with the deceased's driving record, plaintiff further objected to the jury charge. Specifically, plaintiff maintained that the court erred by refusing to give an instruction which he had submitted as to the limited evidentiary effect of the driving record.

Following a jury verdict of no cause of action, the trial judge denied plaintiff's motion for a new trial.

---

* MCLA § 600.2922 (Stat Ann 1962 Rev § 27A.2922).

This judgment was affirmed by the Court of Appeals. 26 Mich App 121.

We granted leave to appeal. 384 Mich 772.

We are called upon in this case to determine the admissibility and scope of the driving records when offered in rebuttal. In this context we are asked to decide:

(1) whether the trial court committed reversible error in admitting the driving record of plaintiff's decedent after plaintiff had introduced the testimony of two witnesses bearing on said decedent's driving ability;

(2) whether the trial court committed reversible error in admitting the driving record of defendant's driver, when plaintiff had pleaded negligent entrustment;

(3) whether the trial court committed reversible error in refusing to give plaintiff's charge pertaining to the use of the driving records.

In our previous decisions involving driving records we have dealt exclusively with the use of such records to impeach a party's testimony. See, *e.g., Sting* v. *Davis* (1971), 384 Mich 608, and *Taylor* v. *Walter* (1970), 384 Mich 114 (rehearing [1971], 385 Mich 599). To this effect we have promulgated GCR 1963, 607.

However, as the plaintiff correctly points out, Rule 607 is inapposite here. Michael Morey is deceased. There is no question presented as to his credibility. Nor is the credibility of the two witnesses being directly impeached, since the defendant did not introduce their driving records. Rule 607 is strictly concerned with the impeachment of an individual by resort to his own driving record or other conviction, not that of some third party. It is not controlling in the instant case.

Instead we find that this decision turns on the common-law principles enunciated by Mr. Chief Justice COOLEY in *Detroit & Milwaukee R. Co.* v. *Van Steinburg* (1868), 17 Mich 99.

*Van Steinburg* was a negligence action brought by a hotelkeeper who had been hit by a train while in the process of crossing the tracks. During the course of that trial the defendant railroad had introduced testimony tending to show that the engineer of the train was of average skill. In commenting upon the admissibility and scope of the corresponding rebuttal testimony put forth by the plaintiff, COOLEY stated:

"I am inclined to think that there was no error in law in admitting the evidence of the witness Springer that the engineer Van Wormer had run by the stations in some instances. This evidence would not have been admissible as evidence in chief to establish the negligence of the engineer on the occasion of the injury; but the defendants had put in evidence tending to establish the character of Van Wormer as an average engineer; and, though the testimony was not very pointed or specific, the evident tendency and purpose of it was to show Van Wormer a suitable man for his place. If this evidence could have any relevancy in a case where a question was one of negligence on a particular occasion only, then I think this of Springer was admissible as rebutting; but for no other purpose." 17 Mich 99, 111.

Although the initial testimony in our case was first propounded by plaintiff, and not the defendant as in *Van Steinburg,* this does not change the result. Once either party has put some fact into evidence, the other party has an unquestioned right to fully develop all facts and circumstances surrounding the subject matter.

But, as COOLEY cautioned, such rebuttal testimony is admissible for a very narrow purpose only. As such, the party against whom it is being employed has the right to request a limiting instruction. However, accompanying this right, such party has a duty to present the court with a properly phrased instruction. We have examined the handwritten request submitted by the plaintiff in this instance, and have found that the proposed instruction did not properly state the law. It was therefore proper for the trial judge to refuse the requested charge. *Howland* v. *Local Union 306, UAW–CIO* (1951), 331 Mich 644, 650; *Kehrig* v. *Peters* (1879), 41 Mich 475, 481.

We suggest that counsel ought to state, when offering testimony, the purpose for which it is being offered, whether it is for rebuttal, for attacking the credibility of a witness, or as "evidence in chief". This would enable the trial court in its discretion to properly rule on its admissibility. See *People* v. *Doyle* (1870), 21 Mich 221, 227; *Campau* v. *Dewey* (1861), 9 Mich 381, 422.

We need reach no decision with respect to Nelson's driving record, since plaintiff did not preserve the issue for appeal by timely objection, although presumably the principles of *Van Steinburg* would apply here also. See *Allen* v. *Duffie* (1880), 43 Mich 1; *Donahue* v. *Gordon* (1940), 292 Mich 581; *Taylor* v. *Lowe* (1964), 372 Mich 282.

The decisions of the trial court and the Court of Appeals are accordingly affirmed. Costs to defendant.

BLACK, ADAMS, T. E. BRENNAN, SWAINSON, and WILLIAMS, JJ., concurred with T. M. KAVANAGH, C. J.

T. G. KAVANAGH, J., concurred in the result.