#### COBB v HARRIS

1. AUTOMOBILES—NEGLIGENCE—WITNESSES—PARTIES—CREDIBILITY—CROSS-EXAMINATION—TRAFFIC CONVICTIONS.

    It is reversible error for the trial court in a motor vehicle accident case to refuse to allow cross-examination of a party regarding his traffic convictions for purposes of impeachment where the credibility of the party's testimony as to his exercise of due care is at issue.

2. AUTOMOBILES—NEGLIGENCE—WITNESSES—CROSS-EXAMINATION—DRIVING RECORD—DISCRETION.

    A trial court erred in refusing to allow questioning of a defendant concerning a drunk driving charge after having allowed the plaintiff to question the defendant concerning certain aspects of his past driving record because a trial court has no discretion to exclude cross-examination of a plaintiff or defendant in a contested motor vehicle accident case.

Appeal from Wayne, Michael L. Stacey, J. Submitted Division 1 April 6, 1973, at Detroit. (Docket No. 12829.) Decided May 29, 1973.

Complaint by Ruben Cobb against Ralph W. Harris, Charles H. Stielau, Barbara May, and Juanita Green for damages resulting from an automobile accident. Plaintiff appeals from a verdict and judgment of no cause of action as to defendants Harris and Stielau. Reversed and remanded for new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1017.

[1, 2] Evidence of specific acts or reputation as admissible to prove incompetency of motor vehicle driver, or defendant's knowledge thereof, in action against one permitting alleged incompetent to drive. 120 ALR 1311.

[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 940–943.

*Posner & Posner,* for plaintiff.

*Vandeveer, Doelle, Garzia, Tonkin & Kerr, P. C.* (by *Edmund M. Brady, Jr.),* for defendants Harris and Stielau.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

PER CURIAM. Plaintiff was a passenger in a taxicab driven by defendant Harris and owned by defendant Stielau when it was struck by an automobile driven by defendant May and owned by defendant Green. Plaintiff sued all four defendants for personal injuries which he received as a result of the accident. The jury awarded plaintiff a judgment in the amount of $21,000 against defendants May and Green, but returned a verdict of no cause of action as to defendants Harris and Stielau. Plaintiff appeals from the verdict of no cause of action as to defendants Harris and Stielau.

Plaintiff contends that the trial court erred in prohibiting him from cross-examining defendant Harris as to his prior driving conviction. The courts of this state have consistently held that it is reversible error for the trial court to refuse to allow cross-examination of a party regarding his traffic convictions for purposes of impeachment where the credibility of the party's testimony as to his exercise of due care is at issue. *Sting v Davis,* 384 Mich 608 (1971); *Hughes v Polk,* 40 Mich App 634 (1972); *Laur v McCaul,* 39 Mich App 346 (1972); *Link v McCoy,* 39 Mich App 120 (1970).

Defendant argues that this principle is inapplicable to the case at bar since the trial court allowed plaintiff to question defendant concerning certain aspects of his past driving record and merely exercised his discretion when he refused to

allow questioning concerning a drunk driving charge. However, in *Sting, supra,* the Supreme Court stated at 614:

"We conclude that under GCR 1963, 607 as presently adopted by this Court, a trial judge has no discretion to exclude cross-examination with regard to the driving history of a plaintiff-driver or of a defendant-driver, such cross-examination being proper to test the credibility of the witness' testimony with regard to the central fact issue in the case."

Although we may question the rationale behind *Sting, supra,* the clear import of this language is that the trial court has no discretion to exclude cross-examination concerning the driving record of a plaintiff or defendant in a contested motor vehicle accident case.

Defendant further contends that the rule enunciated in *Sting, supra,* applies only to cases where negligent entrustment is alleged and since plaintiff did not allege negligent entrustment, the rule does not apply. However, a close reading of the Supreme Court's holding in *Sting, supra,* makes it clear to this Court that the rule is applicable to any contested motor vehicle accident case and not just those where negligent entrustment is alleged.

We believe we are bound by the Supreme Court's decision in *Sting v Davis, supra,* and therefore we hold that it was error for the trial court to refuse to allow plaintiff to question defendant Harris concerning a drunk driving conviction.

Reversed and remanded for a new trial.