BURNETT v MITCHELL

1. AUTOMOBILES—MOTORCYCLES—EVIDENCE—DRIVING RECORDS—IM-
PEACHMENT.

The direct testimony of a plaintiff's eyewitness that the decedent
was a careful driver just prior to a collision resulting in a fatal
accident placed only the issue of the decedent's due care on the
day in question into evidence and evidence of prior misconduct
was not relevant to the issue of due care at the time of the
accident; the decedent's driving record provided no basis for
testing the credibility of the witness, a third party, and it was
error to allow its admission into evidence.

2. AUTOMOBILES—EVIDENCE—DRIVING RECORDS—DUE CARE—REBUT-
TAL.

A driving record is not admissible for purposes of rebuttal when a
party limits affirmative evidence of careful driving to the
accident in question.

Appeal from Wayne, Stephen D. Condon, J.
Submitted Division 1 April 12, 1973, at Detroit.
(Docket No. 13621.) Decided July 23, 1973. Leave
to appeal denied, 390 Mich —.

Complaint by Saul Burnett, administrator of the
estate of Guy S. Burnett, against Lee C. Mitchell
and Beadie M. Mitchell for damages resulting
from wrongful death. Joyce Knuckles, guardian of
the estate of Amarleno Burnett, intervened as a
plaintiff. Verdict and judgment for defendants.
Plaintiff Burnett appeals. Reversed and remanded.

*Calvin M. Gonek,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 906, 907, 994
*et seq.*

*Rouse, Selby, Dickinson, Pike & Mourad,* for defendants.

Before: BRONSON, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

BRONSON, P. J. Saul Burnett (hereinafter plaintiff), administrator of the estate of Guy Saulsberry Burnett, decedent, and the stipulated intervenor, Joyce Knuckles, guardian of the estate of Amarleno Burnett, brought this action for' wrongful death.[1] The action was commenced against Beadie Mae Mitchell (driver) and Lee C. Mitchell (owner). The suit resulted after the automobile driven by Mrs. Mitchell and the motorcycle operated by the decedent collided in the intersection of Bassett Street and Visger Street in the City of Detroit. The jury returned a verdict of no cause of action in favor of both defendants. Plaintiff's motion for new trial was denied. Plaintiff appeals as of right from the trial court's denial of a new trial. The guardian has not joined in this appeal.

The admissibility of driving records is once again before our Court.[2] Many questions are presented by this area of law but we are limited by the record to consideration of the following narrow issue:

"In a wrongful death action may decedent's driving

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 600.2922; MSA 27A.2922.

[2] *See generally:* `Taylor v Walter,* 385 Mich 599; 189 NW2d 309 (1971), adopting on rehearing Justice BLACK's opinion for reversal, *Taylor v Walter,* 384 Mich 114, 117–120; 180 NW2d 24, 33–35 (1970); *Sting v Davis,* 384 Mich 608; 185 NW2d 360 (1971); *Olweean v Wayne County Road Commission,* 385 Mich 698; 190 NW2d 108 (1971); *Kuhnee v Miller,* 37 Mich App 649; 195 NW2d 299 (1972); *Hughes v Polk,* 40 Mich App 634; 199 NW2d 224 (1972); *Crane v Woodbury,* 41 Mich App 11; 199 NW2d 577 (1972); and *Obermiller v Patow,* 45 Mich App 606; 207 NW2d 152 (1973).

records be admitted to *impeach* or *rebut* direct affirmative testimony of plaintiff's eyewitness that decedent was proceeding with due care just prior to the collision."

The facts surrounding this intersection collision disclose competing evidence upon the driver-defendant's negligence and deceased's contributory negligence. This evidence created a close case. A further description of the accident is unnecessary to the issues raised. The storm center of the controversy on appeal revolves around the eyewitness testimony of the decedent's brother. William Burnett was following decedent at the time of the collision and was called as plaintiff's first witness. On direct examination Burnett testified that the decedent was proceeding carefully and within the speed limit just prior to the collision. Burnett also testified that he "quite often" followed the decedent.

On cross-examination, defense counsel skillfully pursued Burnett's stated practice of following the decedent. Defense counsel then elicited Burnett's opinion that decedent was a generally careful driver and asked if Burnett knew of decedent's driving record. Plaintiff's counsel objected. Upon defense counsel's motion and after argument the decedent's driving record was admitted. The jury was instructed to consider the decedent's driving record only to test the credibility of Burnett. On redirect Burnett testified that he had no knowledge of the decedent's driving record.

Defendant now claims that the direct examination of Burnett by plaintiff's counsel raised the issue of whether the deceased was a careful driver justifying the admission of the deceased's driving record. Defendant justifies such admission upon the basis that the driving record supplies the

vehicle to either impeach or rebut Burnett's testimony. We do not agree.

The inapplicability of the impeachment theory upon the facts presented is evidenced by the Michigan Supreme Court decision of *Olweean v Wayne County Road Commission,* 385 Mich 698; 190 NW2d 108 (1971). Upon a similar factual background the *Olweean* Court stated:

> "In our previous decisions involving driving records we have dealt exclusively with the use of such records to impeach a party's testimony. See, *e.g., Sting v Davis* (1971), 384 Mich 608 [185 NW2d 360], and *Taylor v Walter* (1970), 384 Mich 114 [180 NW2d 24] (rehearing [1971], 385 Mich 599 [189 NW2d 309]). To this effect we have promulgated GCR 1963, 607.
>
> "However, as the plaintiff correctly points out, Rule 607 is inapposite here. Michael Morey is deceased. *There is no question presented as to his credibility.* Nor is the credibility of the two witnesses being directly impeached, since the defendant did not introduce their driving records. Rule 607 is strictly concerned with the *impeachment of an individual by resort to his own driving record* or *other conviction, not that of some third party.* It is not controlling in the instant case." p 701; 190 NW2d, pp 109–110. (Emphasis added.)

Like the *Olweean* case, the deceased's credibility was not at issue and his driving record provided no basis for testing the credibility of the witness Burnett, a third party. Finding the quoted language controlling, we reject defendant's reliance upon the theory of impeachment.

Defendant's reliance upon the alternate theory of rebuttal is not persuasive. In *Olweean,* "the plaintiff through two witnesses" offered evidence purporting to establish that the deceased was a careful driver. Based upon the common law principles enunciated in *Detroit & Milwaukee R Co v Van Steinburg,* 17 Mich 99 (1868), the *Olweean*

Court concluded that the testimony could be rebutted with the deceased's driving record. The *Van Steinburg* case involved an analogous problem of admitting testimony of a witness that the engineer, Van Wormer, had previously run by the station. This testimony was offered in rebuttal of the defendant's evidence "tending to establish the character of Van Wormer as an average engineer". *Olweean* and *Van Steinburg* reflect cases in which the rebuttal was directed toward evidence characterizing a party as an average engineer and careful driver respectively. Since these characterizations were general in nature, the party's conduct on a prior occasion became relevant. It is in this context that the following statement becomes meaningful:

"Once either party has put some fact into evidence, the other party has an unquestioned right to fully develop all facts and circumstances surrounding the subject matter." *Olweean, supra,* at 702; 190 NW2d at 110.

The present case is factually distinguishable from *Olweean.* The most favorable reading of *Burnett's* direct testimony would only support an *inference* that plaintiff had brought either the issue of decedent's generally careful driving or decedent's driving record affirmatively into evidence. Plaintiff only placed the issue of decedent's *due care* on the day in question into evidence by Burnett's direct testimony.

The distinction between a general characterization of a party as a careful driver and evidence that a party was a careful driver on the day in question cannot be ignored. In the latter case, evidence of prior misconduct is not relevant to the issue of due care at the time of the accident. It

must be considered collateral. If we held otherwise, every time a party in an automobile negligence case claimed to be driving carefully at the time of the accident his driving record would be admissible for rebuttal. Blanket admission is a non-rule. It would reduce a negligence action to a battle of driving records. We do not read *Olweean* as requiring this result. When a party limits affirmative evidence of careful driving to the accident in question, his driving record is not admissible for purposes of rebuttal.

Reversed and remanded. Costs to plaintiff.

All concurred.