## BROCKSCHMIDT v VERWYS

1. Pleading—Statutes—Ordinances—Charters—Identification—Court Rules.

In pleading any statute, ordinance, or municipal charter, it is sufficient to identify the statute, ordinance or municipal charter without setting forth the matter contained therein (GCR 1963, 112.7).

2. Statutes—Judicial Notice—Ordinances—Pleading—Proof.

Courts are required to take judicial notice of statutes, but an ordinance must be pleaded and proved.

3. Pleading—Amendments—Prejudice—Court Rules.

The court rule for the allowance of amendment of pleadings where evidence is objected to because it is not within the issues made by the pleadings is designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result (GCR 1963, 118.3).

4. Pleading—Evidence—Negligence—Ordinances—Amendments—Admissibility—Notice—Reliance—Judges' Discretion.

A trial judge does not abuse his discretion in an automobile-pedestrian accident case by admitting into evidence city ordinances that create a duty on the part of a plaintiff pedestrian when crossing a roadway, the breach of which could be construed as evidence of contributory negligence, or by allowing defendant driver to amend his proofs where, although defendant did not specifically plead the ordinances in his original answer, he did inform the plaintiff 12 days prior to trial that he intended to rely on the ordinances.

Appeal from Kent, R. Stuart Hoffius, J. Submitted December 8, 1976, at Grand Rapids. (Docket No. 25019.) Decided January 5, 1977.

References for Points in Headnotes

[1, 2] 61 Am Jur 2d, Pleading §§ 9–14.

[3] 61 Am Jur 2d, Pleading § 305.

[4] 30 Am Jur 2d, Evidence § 972.

Complaint by Diane P. Brockschmidt against Vincent J. Verwys, II, for damages arising from an automobile-pedestrian accident. Judgment for defendant. Plaintiff appeals. Affirmed.

*Luyendyk, Hainer, Hathaway & De Jong,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendant.

Before: R. B. BURNS, P. J., and QUINN and BEASLEY, JJ.

R. B. BURNS, P. J. Plaintiff sued defendant for damages as a result of being struck by defendant's automobile. Defendant pleaded the affirmative defense of contributory negligence. The jury returned a verdict of no cause of action.

Plaintiff, a pedestrian, was crossing Plainfield Avenue in the City of Grand Rapids. The place at which plaintiff was crossing was not an intersection nor was it protected by a traffic signal, sign or crosswalk. At this location, Plainfield Avenue is a five lane highway; two lanes for northbound traffic, two lanes for southbound traffic and the center lane for left turns.

Defendant was moving from the inner northbound lane to the center lane when he suddenly saw the plaintiff in the center lane. He attempted to stop but was unable to do so and struck the plaintiff.

Plaintiff filed suit claiming the defendant was negligent in the operation of his motor vehicle. Defendant answered, denying negligence and affirmatively pleading that the plaintiff was guilty of contributory negligence.

Approximately 12 days prior to trial, defendant's

attorney informed plaintiff's attorney by letter that he intended to rely upon Grand Rapids Traffic Ordinance Articles 10.123 § 1 and 10.124. These ordinances provide in part as follows:

"Every pedestrian crossing a roadway at any point other then within a crosswalk shall yield the right-of-way to all oncoming vehicles.

* * *

"Between adjacent intersections at which traffic control signals are in operation, pedestrians shall not cross at any place except in a crosswalk."

Plaintiff's counsel objected claiming that he first had notice of defendant's intention to rely upon the ordinance only a week prior to trial and that the defendant had not specifically pleaded the ordinances.

The trial judge refused to allow defendant's attorney to mention the ordinances in his opening statement and reserved his ruling on the admissibility of the ordinances into evidence. Defendant's attorney asked that the pleadings be amended to conform to the proofs.

GCR 1963, 112.7 provides:

"In pleading any statute, ordinance, or municipal charter, it is sufficient to identify the statute, ordinance or municipal charter without setting forth the matter contained therein."

1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 240 states:

"The former statute and rule said, in effect, that when a claim or defense was based upon a statute, the statute should be pleaded (though a general reference would be sufficient). *It will be noted that the new rule*

*says nothing about when a statute must or should be pleaded.* It merely provides that when a statute is pleaded 'it is sufficient to identify the statute or ordinance without setting forth the matter contained therein.' *Still it must be agreed that the better practice will be to continue pleading the statute when the claim or defense is based upon it, though the new rule must be taken as meaning that it is not a fatal defect to fail to plead the statute if the pleading sets forth sufficient facts to show a claim or defense based upon the statute,* for the courts are required to take judicial notice of all statutes of the state." (Emphasis added.)

However, this Court in *Webster v WXYZ,* 59 Mich App 375; 229 NW2d 460 (1975), stated that courts are required to take judicial notice of statutes, but an ordinance must be pleaded and proved.

GCR 1963, 118.3 provides as follows:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, amendment to conform to such proof shall not be allowed unless the party desiring amendment satisfies the court that the amendment and the admission of such evidence would not prejudice the objecting party in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The authors of the Court Rule state:

"The second course of amendment authorized by sub-rule 118.3 is addressed to situations in which proffered evidence is met with an objection that it is not within the pleadings. The party offering the evidence may move for an amendment to make the evidence admissible, and such amendment may be allowed if he satisfies the court that prejudice to the objecting party will not result. As the Committee Comment observes, prejudice refers to circumstances which would prevent the object-

ing party from fairly meeting or contesting the proffered proof.

\* \* \*

"This again is a matter for the sound discretion of the court, and pertinent thereto is the extent of delay which would be caused by interjection of the new issue and the circumstances tending to excuse or not excuse the failure to include the issue in the pleadings earlier. It is not prejudice within the meaning of this rule, that the proffered proof will enhance the prospects of success on the merits for the party desiring the amendment or enable him to make out a claim or defense which he otherwise could not do." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 416.

In *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656–658; 213 NW2d 134, 136–137 (1973), the Court stated in regard to Rule 118 as follows:

"Our rule, as the Federal rule, is 'designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result'.

\* \* \*

" '[T]he question of prejudice is presented by the *time* at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the amendment is allowed, whereas he may win it if the amendment is denied.' James, Civil Procedure, § 5.2, p 158 (emphasis by the author)."

In the instant case the defendant in his answer pleaded contributory negligence but did not plead the ordinance. The ordinance created a duty on the part of the pedestrian when crossing the roadway, the breach of which could be construed as evidence of contributory negligence. Although de-

fendant did not specifically plead the ordinance in his original answer, he did inform the plaintiff 12 days prior to trial that he did intend to rely on the ordinance.

The trial judge did not abuse his discretion by admitting the ordinance in evidence or by allowing the defendant to amend his pleadings to conform to the proofs.

Affirmed. Costs to defendant.