TURRI v BOZEK

Opinion of the Court

1. Negligence—Instructions to Jury—Statutory Violations—Mo-
   torcycles—Negligence Per Se—Case Precedent—Presump-
   tions—Statutes.

   An instruction to the jury in a negligence action arising out of a
   collision between a motorcycle and a camper that a violation of
   the motorcycle license statute was negligence per se was proper
   where the challenged instruction was given prior to case prece-
   dent which abandoned the per se rule and adopted instead a
   rebuttable presumption to be overcome by the party accused of
   violating the statute (MCLA 257.312a, 257.312b; MSA 9.2012[1],
   9.2012[2]).

2. Negligence—Statutes—Violation—Presumption—Instructions
   to Jury.

   The violation of a penal statute by a plaintiff or defendant in a
   negligence action presently is held to establish a prima facie
   case of negligence which may be overcome by a showing of the
   party who violated the statute of an adequate excuse under the
   facts of the case; an instruction to a jury properly given under
   a previous rule that a statutory violation is negligence per se
   was not reversible error when reviewed under the new stan-
   dard where the party accused of the statutory violation (1)
   admitted the statutory violation on cross-examination, (2) failed
   to show that he was not negligent and (3) failed to establish a
   legally sufficient excuse.

3. Witnesses—Cross-Examination—Credibility—Driving History—
   Judges—Discretion—Motorcycles—Court Rules.

   A trial judge has no discretion to exclude cross-examination with
   regard to the driving history of a plaintiff driver or a defendant
   driver, such cross-examination being proper to test the credibil-

References for Points in Headnotes
[1, 2] 57 Am Jur 2d, Negligence § 234 et seq.
[3] 81 Am Jur 2d, Witnesses §§ 472, 475, 479, 507.
[4] 29 Am Jur 2d, Evidence §§ 305–308, 315–319.

ity of the witness's testimony with regard to the central fact issue in the case (GCR 1963, 607).

CONCURRENCE BY BASHARA, J.

4. EVIDENCE—NEGLIGENCE—PAST UNRELATED ACTS—COURT RULES.

 The logic of a rule of evidence which permits past unrelated acts of negligence to be admitted as evidence to show a party's negligence in the action being litigated is questionable (GCR 1963, 607).

Appeal from Wayne, Joseph A. Sullivan, J. Submitted June 23, 1977, at Detroit. (Docket No. 26196.) Decided October 24, 1977.

Complaint by Joseph A. Turri against Philip Bozek for damages for injuries suffered in a collision involving plaintiff's motorcycle and defendant's camper. Judgment for defendant. Plaintiff appeals. Affirmed.

*Charfoos & Charfoos, P. C.* (by *Ronald R. Gilbert),* for plaintiff.

*Collins & Einhorn, P. C.,* for defendant.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

P. R. MAHINSKE, J. This case involves an accident between defendant's camper and plaintiff's motorcycle. At the trial level plaintiff sought recovery of damages for injuries sustained as a result of the allegedly negligent conduct of defendant in the use of his vehicle. The jury returned a verdict of no cause of action. From this ruling plaintiff appeals.

The decisive issues on appeal are: 1) whether the trial court committed reversible error when it

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

instructed the jury that violation of the motorcycle license statute[1] was negligence per se, and 2) whether a proper foundation was established for the trial court to permit submission of plaintiff's driving record to the jury.

At the time of trial the instruction on negligence per se was not erroneous. However, in *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976), the Michigan Supreme Court abandoned the per se rule and adopted instead a rebuttable presumption of negligence to be overcome by the plaintiff. The *Zeni* Court stated as follows at p 143:

"An accurate statement of our law is that when a court adopts a penal statute as the standard of care in an action for negligence, violation of that statute establishes a prima facie case of negligence, with the determination to be made by the finder of fact whether the party accused of violating the statute has established a legally sufficient excuse."

This new approach of presuming negligence upon violation of a statute does not make the trial court's instruction reversibly erroneous. It merely overturns the law which was in effect at that time, *i.e.,* that expressed by SJI 12.03. In either case plaintiff must show he was not negligent or, as *Zeni* put it, "establish a legally sufficient excuse". In the instant case plaintiff did neither. In fact, in his brief plaintiff admits that "there are facts to show that both vehicle operators could be negligent".

Michigan Standard Jury Instruction 12.03 was in effect at the time of trial. A Note to that instruction suggests that it should be given only if

---

[1] Now MCLA 257.312a; MSA 9.2012(1) and MCLA 257.312b; MSA 9.2012(2).

the defendant has alleged a statutory violation as a ground for contributory negligence and only if:

"1. the statute is intended to protect against the result of the violation;
2. the plaintiff is within the class intended to be protected by the statute; and
3. the evidence will support a finding that the violation was a proximate contributing cause of the occurrence."

The Note goes on to provide that if there is no question that the statute was violated, and no claim of excuse for the violation, then the jury should be instructed that plaintiff was negligent as a matter of law.

In the case at bar defendant did not specifically plead a statutory violation. However, the Note does not make the giving of the instruction solely dependent upon defendant's alleging a statutory violation. Here defendant did allege that plaintiff was guilty of contributory negligence which was a proximate cause of the accident. Since a violation of the motorcycle license statute was elicited during cross-examination of the plaintiff, there could have been no surprise to the plaintiff. See *Brockschmidt v Verwys,* 73 Mich App 144; 250 NW2d 568 (1977). Furthermore:

1. The motorcycle license statute is intended to protect against accidents involving motorcycles driven by persons who have not been legally recognized as competent in their operation.

2. Plaintiff is within the class of persons intended to be protected by the statute. Under the statute plaintiff should have passed an examination which included a driving test designed to assess his competency to drive a motorcycle.

3. Plaintiff did not submit to such an examina-

tion and this violation could properly have been considered by the jury to be a proximate cause of the accident.

In addition, plaintiff admitted this violation and offered no legally sufficient excuse for the violation. Therefore, the lower court's instruction on negligence per se was proper under former law and harmless under present law.

Turning now to the second issue, the law pertaining to cross-examination concerning driving records in contested motor vehicle accident cases is set forth in *Sting v Davis*, 384 Mich 608, 614; 185 NW2d 360 (1971). In that case the Court held that a trial judge has no discretion to exclude cross-examination with regard to the driving history of plaintiff or defendant. Credibility of these witnesses is usually the central issue in the case, and their driving records may have "a vital bearing in enabling a jury to determine the truth of a plaintiff's or defendant's testimony as to the exercise of due care". *Sting v Davis, supra* at 614.

We find the above rationale to be applicable to the present factual situation. Credibility of plaintiff was indeed a central issue of the case, and the trial judge noted that plaintiff's driving record was being admitted to test his credibility. Therefore, there was no error in the submission of plaintiff's driving history to the jury.

We find plaintiff's other assignments of error to be also without merit.

Affirmed.

D. C. Riley, P. J., concurred.

Bashara, J. *(concurring)*. I concur separately only because I must again question the logic of *Sting v Davis*, 384 Mich 608; 185 NW2d 360 (1971).

See also *Cobb v Harris,* 47 Mich App 617; 209 NW2d 741 (1973).

We are bound to follow *Sting v Davis, supra,* which relied on GCR 1963, 607. However, the *Sting* rule does nothing more than permit past unrelated acts of negligence to be admitted to show a party's negligence in the action being litigated. This result is obtained under the rationale of *Sting* that in some manner, prior traffic offenses bear upon credibility.

For a more apt critique of the *Sting v Davis* doctrine, see Josephson, *Civil and Criminal Evidence,* 18 Wayne L Rev 101, 137–138 (1972). This separate concurrence is written in the hope that our Supreme Court will review their holding in *Sting v Davis, supra,* and will adopt rule 609(a)(2) of the Proposed Rules of Evidence.