BELFRY v ANTHONY POOLS, INC.

1. NEGLIGENCE—DEFENSES—CONTRIBUTORY NEGLIGENCE—BREACH OF
   IMPLIED WARRANTY—ABUSE OF PRODUCT.
   Contributory negligence is only available as a defense to claims of
   negligence and not to a claim of breach of implied warranty;
   the somewhat comparable defense where breach of implied
   warranty is claimed is labeled abuse of product or misuse of
   product.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—LEGISLATIVELY IMPOSED
   SAFETY REGULATIONS—RESIDENTIAL SWIMMING POOLS—CASE
   PRECEDENT.
   The principle that the defense of ordinary contributory negli-
   gence is inapposite to a claim predicated on a breach of a
   legislatively imposed safety regulation, which has been ex-
   tended to cases where the trier of fact finds that an employer
   defendant's breach of a common-law duty to provide safety
   equipment is the cause in fact of a plaintiff employee's injury,
   should not be extended to a case of a breach of implied
   warranty in the design of a residential swimming pool where
   there is no similar existing scheme of safety requirements.

3. APPEAL AND ERROR—NEGLIGENCE—INSTRUCTIONS TO JURY—CON-
   TRIBUTORY NEGLIGENCE—EVIDENCE.
   An instruction to the jury regarding contributory negligence with
   respect to a plaintiff's claim of negligent design of a residential
   swimming pool was not erroneous where the evidence was
   sufficient to justify the giving of the contributory negligence
   instruction.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Products Liability §§ 32, 99.
[2] 53 Am Jur 2d, Master and Servant § 225.
   57 Am Jur 2d, Negligence § 293.
[3] 57 Am Jur 2d, Negligence § 298.
[4] 5 Am Jur 2d, Appeal and Error § 710.
[5] 63 Am Jur 2d, Products Liability § 17.
   Admissibility of evidence of absence of other accidents or injuries
   from a customary practice or method asserted to be negligent. 42
   ALR2d 1055.

4. APPEAL AND ERROR—EVIDENCE—INTRODUCTION OF EVIDENCE—RE-
SPONSIBILITY FOR INTRODUCTION OF EVIDENCE.
    A plaintiff cannot on appeal prevail on a claim that the introduc-
    tion of certain evidence was reversible error where the record,
    read as a whole, shows that the plaintiff and the defendant
    shared the responsibility for the initial introduction of the
    evidence to the jury.

5. EVIDENCE—PRODUCTS LIABILITY—HISTORY OF SAFE USE—DUTY TO
DESIGN SAFELY.
    Evidence of a product's history of use without any accident claims
    being asserted, while not being conclusive proof that the prod-
    uct is reasonably safe, may be admitted as evidence that the
    duty to design safely was not breached.

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted October 4, 1977, at Detroit. (Docket No.
28954.) Decided December 5, 1977. Leave to appeal
applied for.

Complaint by Wilmont C. Belfry, a minor, by
and through his guardian ad litem, Wilmont F.
Belfry, Sr., and Wilmont F. Belfry, Sr., and Betty
Belfry, individually, against Anthony Pools, Inc.,
and Customcraft Construction Co. for damages for
personal injuries suffered by Wilmont C. Belfry in
the use of a swimming pool designed and con-
structed by defendants. Judgment for defendants.
Plaintiffs appeal. Affirmed.

*Leonard C. Jaques, P. C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &
Pedersen* (by *John P. Jacobs* and *James R. Kohl),*
for defendant Anthony Pools, Inc.

Before: D. F. WALSH, P. J., and V. J. BRENNAN
and BEASLEY, JJ.

BEASLEY, J. On May 28, 1970, plaintiff, then just
short of 16 years old, was very seriously injured
when he dove into a swimming pool manufactured

by defendant Anthony Pools, Inc. On April 13, 1972, plaintiff started this suit for damages, claiming that the proximate cause of his permanent injuries was negligent design of the pool and breach of the implied warranty of fitness for the purpose intended. Plaintiff settled his claims against the residential property owners who owned the swimming pool and went to a lengthy trial against the defendant. The jury found that plaintiff had no cause of action against defendant. After his motion for new trial was denied, plaintiff appeals as of right, raising several issues that he claims require reversal and remand for a new trial.

First, plaintiff claims the court did not sufficiently indicate to the jury that the defense of contributory negligence only applies to the claim of negligent design and not to the claim of breach of implied warranty. In general, contributory negligence is only available as a defense to claims of negligence. The somewhat comparable defense where breach of implied warranty is claimed is labeled abuse of product or misuse of product. In *Kujawski v Cohen,*[1] this Court approved a refusal to instruct on abuse or misuse of product because there was no evidence upon which to support such a claim. In this case, the trial court did not instruct regarding misuse of product, but did, at the request of plaintiff, supplement the instruction as follows:

"THE COURT: Well, members of the jury, I want to clarify or maybe somewhat alter two instructions that I gave you. Now, one is that in regard to the breach of warranty theory by the plaintiff in this case, I would advise you that contributory negligence as I have defined it to you is not a defense to a breach of warranty

[1] 56 Mich App 533; 224 NW2d 908 (1974).

action. Something more than mere negligence must be shown to bar recovery. Something approaching a disregard of a known danger."

We do not find this supplemental instruction prejudicial to plaintiff. On the contrary, the evidence may well have supported an instruction regarding abuse or misuse of product which, perhaps, would have been more beneficial to defendant than that given.

Plaintiff also claims that, under *Funk v General Motors Corp*,[2] it was error to give any contributory negligence instruction. Plaintiff misconstrues *Funk*. There, the Court said:

"Courts have found the defense of ordinary contributory negligence inapposite to a claim predicated on a breach of a legislatively-imposed safety regulation:

" 'Workmen such as the present plaintiff, who ply their livelihoods on ladders and scaffolds, are scarcely in a position to protect themselves from accident. They usually have no choice but to work with the equipment at hand, though danger looms large. The legislature recognized this and, to guard against the known hazards of the occupation, required the employer to safeguard the workers from injury caused by faulty or inadequate equipment. If the employer could avoid this duty by pointing to the concurrent negligence of the injured worker in using the equipment, the beneficial purpose of the statute might well be frustrated and nullified.' * * *

"We discern no reason why the same principle should not govern if the trier of fact finds that the employer-defendant's breach of a common-law duty to provide safety equipment is the cause in fact of plaintiff's injury." (Footnote and citations omitted.)

We do not believe that the *Funk* rationale was intended to be extended to the case of residential

[2] 392 Mich 91, 113–114; 220 NW2d 641 (1974).

swimming pools where there is no similar existing statutory scheme of safety requirements. The evidence in this case was sufficient to justify the giving of an instruction regarding contributory negligence. Therefore, we reject plaintiff's claim that it was error for the trial court to give an instruction regarding contributory negligence with respect to plaintiff's claim of negligent design.

Plaintiff next argues that the 1969 NSPI (National Swimming Pool Institute) standards were enacted after the pool in question was designed and installed, that plaintiff had attempted, by a motion *in limine,* to prevent the standards from being introduced, that plaintiff's experts were from other states so that it would be difficult to recall them if defendant introduced the 1969 standards, and that plaintiff's own use of the 1969 standards in his case in chief was in reliance on an order of the court which, although it denied the order in limine, also stated:

"IT IS FURTHER ORDERED that upon plaintiff introducing the 1969 NSPI Standards in his case in chief, he shall not waive rights to assert appropriate objections to use of or introduction of said Standards by defendant in defendant's case in chief."

Defendant answers by saying that plaintiff opened the door as to the evidence in question, and that there was testimony that the pool in question was a 1969 model for which the 1969 standards would be relevant.

We have reviewed the record in detail and have retraced the convoluted path that this issue took, both during trial and during pretrial when, for example, the plaintiff attempted to wrestle meaningful discovery from the defendant.

As would be expected in a prolonged struggle

between determined advocates, isolated portions of the record can be selected in support of either the plaintiff's or the defendant's arguments. However, a reading of the record, as a whole, also shows that plaintiff and defendant shared the responsibility for the initial introduction of this evidence to the jury. Therefore, on this record, plaintiff cannot now prevail on a claim that the introduction of this evidence was reversible error.[3]

Plaintiff further claims that the trial court erred in admitting evidence that similarly-designed pools had a history of use without any accident claims being asserted. After extended oral argument, the trial court had ruled with respect to this issue as follows:

"With the understanding that the Court will upon proper request instruct the jury as to what probative value such evidence has, and the fact that it is not conclusive evidence but something that they may take into consideration, I will allow such evidence of safe history only for the purpose of foreseeability and notice inasmuch as those are issues that have been presented in the plaintiff's case."

In *Freed v Simon*,[4] the Court said:

"We accept these cases as settling the question and reaffirm the holding thereof that 'evidence of prior accidents has always been admissible to show defendant's notice or knowledge of the defective or dangerous condition alleged to have caused the accident' and that 'the rule now seems to be established that evidence of prior accidents at the same place and arising from the same cause is admissible not only to show defendant's notice or knowledge of the defective or dangerous condi-

---

[3] *See, Olweean v Wayne County Road Commission,* 385 Mich 698; 190 NW2d 108 (1971).

[4] 370 Mich 473, 475; 122 NW2d 813 (1963); *see,* footnote on p 475 including the amended portion emphasized therein.

tion alleged to have caused the accident, but to show the defendant's negligence on the theory defendant, having notice or knowledge of the defect, *is held to the duty of exercising such care as would a reasonably prudent person having such notice or knowledge'."* (Emphasis in *Freed.*)

In *Farr v Wheeler Manufacturing Corp,*[5] the Court said:

"We would also state that it is persuasive evidence that the duty to design safely was not breached, to show that a large number of the product were used without injury. This evidence is not, however, conclusive proof that the product is reasonably safe."

Further support for this view may be found in *Savage v Peterson Distributing Co, Inc.*[6]

As a matter of fact, in his brief, plaintiff says:

"Thus, the court correctly ruled that evidence of a safe claims history under Michigan law is admissible only where foreseeability and notice are issues."

However, plaintiff claims that the evidence of a lack of claims arising out of design was used improperly and repeatedly so as to prejudice his case. The record does not support plaintiff's claims in this regard. We believe the evidence was admissible and are satisfied that the use of such evidence was not abused and, thus, did not prejudice plaintiff's claim.

Plaintiff's other claims of error are without merit.

Affirmed, with costs.

[5] 24 Mich App 379, 386–87; 180 NW2d 311, 315 (1970), *lv den,* 385 Mich 773 (1971).

[6] 379 Mich 197; 150 NW2d 804 (1967).