LITVIN v. JOYCE.

1. TRIAL—PEREMPTORY DENIAL OF MISTRIAL.
    Representations on motion for mistrial that there had been a
    conversation between a member of the jury and another person
    in the court washroom were of such a nature as to render
    peremptory denial of mistrial improper.

2. CONTRACTS—INSTRUCTIONS—QUESTIONS FOR JURY—LIABILITY FOR
    BREACH—DAMAGES.
    Portion of instruction leaving question of liability for breach of
    contract to jury was erroneous, where evidence clearly showed
    a breach of the contract by defendant and previous portion
    of charge instructed jury as a matter of law that there was
    such a breach, since in any event plaintiff was entitled to at
    least nominal damages and the jury should have been so in-
    structed.

3. DAMAGES—INSTRUCTIONS—MITIGATION.
    Charge of court with respect to plaintiff's duty to mitigate his
    damages resulting from defendant's breach of contract for
    wrecking a building and his diligence with respect thereto was
    superfluous, misleading to jury, and error, where there was no
    material testimony questioning the reasonableness of cost of
    wrecking the building, the rental value of the premises, the
    taxes thereon, or plaintiff's diligence in mitigating his damages.

4. TRIAL—INSTRUCTIONS—EVIDENCE.
    The charge of the court must be based upon the evidence and
    should be confined to the issues presented by the evidence.

5. NEW TRIAL—PARTIAL NEW TRIAL—DAMAGES—BREACH OF CON-
    TRACT.
    New trial limited solely to amount of plaintiff's damages is
    granted on remand from reversal of judgment for defendant,

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur, New Trial, §§ 96, 100, 101; 53 Am Jur, Trial, §§ 906,
    907.
[2] 53 Am Jur, Trial, §§ 157, 173, 274, 598, 621.
[3, 4] 53 Am Jur, Trial, § 573 et seq.
[5] 3 Am Jur, Appeal and Error, § 1227.

where verdict as to liability should have been directed for plaintiff, there was no material testimony questioning reasonableness of cost of wrecking the building, the rental value of the premises, the taxes thereon, or plaintiff's diligence in mitigating his damages, the only question to be resolved being the number of days, not excused by the inclement weather clause of the contract defendant breached, during which plaintiff was delayed in using the premises because of defendant's breach.

Appeal from Wayne; Murphy (George B.), J. Submitted October 5, 1950. (Docket No. 44, Calendar No. 44,895.)    Decided December 5, 1950.    Rehearing denied January 8, 1951.

Action by Herman Litvin, doing business as Larned Parking Company, against Bryan G. Joyce, doing business as Joyce Wrecking Company, for damages resulting from breach of contract. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial limited to damages.

*Edwin J. Mercer,* for plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for defendant.

BUSHNELL, J.    Plaintiff Herman Litvin operates parking lots in Detroit under the name of Larned Parking Company. In 1947, he leased property on Jefferson avenue. The lease required the payment of $416.66 monthly and all taxes on the property. The lessee assumed the cost of razing the building on the property and the expense of leveling and resurfacing for parking purposes. He was permitted to retain the salvage materials.

Defendant Bryan G. Joyce, doing business as Joyce Wrecking Company, the successful bidder, agreed to wreck the building and grade the property

for the sum of $2,250. Later this price was increased by mutual agreement to $2,550, in consideration of the completion of the work within 40 days. It was also agreed that:

"Such 40-day period may be extended commensurate to any time lost by virtue of inclement weather conditions severe enough to halt the operations, strikes, flood, disaster or other acts of God."

The beginning of this 40-day period was later extended to February 1st, because of Litvin's inability to secure prompt possession.

After the failure of Joyce to commence wrecking operations on February 1st, and Litvin's refusal to grant an extension of time, Joyce notified Litvin in writing on March 12, 1948, as follows:

"We therefore declare the wrecking agreement by and between the Larned Parking Company and the Joyce Wrecking Company null and void for lack of equal consideration."

On March 15th, Litvin advised Joyce that he had an offer from a responsible contractor to wreck the building for the sum of $4,000, and would hold Joyce responsible for the difference in the cost, the rental, taxes, and estimated net profits during the period of delay.

Litvin in his action for recovery of damages listed the following items: Increased cost of wrecking, $1,450; 70 days' rent, $972.20; taxes during the same period, $251.32; and estimated loss of profits, $758.33.

At the first trial the jury returned a verdict in favor of Litvin for $560, which the trial court set aside as inadequate. At the second trial it was agreed on the record that the loss of profit item was not to be submitted to the jury. The jury re-

turned a verdict of no cause of action, and a motion for a new trial was denied.

During the trial an incident occurred which led to a motion by plaintiff for a mistrial. This had to do with a conversation between a member of the jury and another person in the court washroom. The court made no inquiry into the matter and peremptorily denied a mistrial. The representations were of such a nature that the court should have made inquiry in order to determine whether the motion was well founded.

On appeal plaintiff argues that there was no material disputed question of fact, that the verdict is against the great weight of the evidence and based upon prejudice, and that the charge to the jury was erroneous.

The record clearly shows a breach of contract by the defendant, and the court properly charged the jury as a matter of law that there was such a breach. However, later in the charge, the court instructed the jury as follows:

"The burden of proof is on the plaintiff in every element of his case. If you find from the evidence that the defendant suffered no damages—rather, that the plaintiff suffered no damages by virtue of any acts, of commission or omission of the defendant, then your verdict will be no cause for action. On the other hand, if you find by virtue of the acts, of omission or commission of the defendant, that the plaintiff suffered damages, then you will assess those damages and you will add interest to those damages from the time that these moneys were spent. Keep that separate."

This charge was erroneous.

As said in *Greenstine* v. *Srere,* 222 Mich 25, 34:

"The verdict cannot, however, be sustained. In any aspect of the case plaintiff was, under the undis-

puted evidence, entitled to nominal damages. There was a valid contract which the court rightly instructed the jury defendant was shown to have breached without any legal justification. This, as a matter of law, entitled plaintiff to a verdict in his favor for at least nominal damages, and the court should have so instructed the jury."

See, also, *Wyatt* v. *Herring,* 90 Mich 581.

We cannot find any material testimony in the record which questions the reasonableness of the cost of wrecking the building, the rental value of the premises, the taxes thereon, or plaintiff's diligence in mitigating his damages.

The only question to be resolved was the number of days, not excused by the inclement weather clause, during which plaintiff was delayed in using the premises because of defendant's breach of the contract.

Hence the charge of the court with respect to plaintiff's duty to mitigate his damages, and his diligence with respect thereto, was superfluous and misleading to the jury. Under the circumstances, this was error.

"The charge of the court must be based upon the evidence (see *Union Trust Co.* v. *Parker,* 251 Mich 630) and should be confined to the issues presented by the evidence." *Susich* v. *Michigan Consolidated Gas Co.,* 292 Mich 612, 616.

The judgment is vacated and the cause is remanded for a new trial, limited solely to the amount of plaintiff's damages. Costs to appellant in both courts.

Boyles, C. J., and Reid, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.