KLANSECK v ANDERSON SALES & SERVICE, INC

Docket No. 74713. Argued January 15, 1986 (Calendar No. 12).
    Decided September 17, 1986.

Stephen Klanseck and Karen Klanseck brought an action in the
    Oakland Circuit Court against Anderson Sales & Service, Inc.,
    and American Honda Motor Co., Inc., seeking damages for
    injuries suffered by Stephen Klanseck in an accident involving
    a motorcycle driven by Stephen purchased from the defendant.
    The court, Francis X. O'Brien, J., entered judgment on a jury
    verdict for the plaintiffs against both defendants, but reduced
    the damages by the jury's finding of sixty percent comparative
    negligence on the part of Stephen. The plaintiffs appealed,
    alleging it was error for the court to instruct the jury that it
    could infer negligence from the plaintiff's failure to obtain a
    motorcycle endorsement on his driver's license as required by
    statute and to instruct the jury regarding the plaintiff's duty to
    mitigate damages. The Court of Appeals, D. F. WALSH and
    SIMON, JJ. (T. M. BURNS, P.J., dissenting), affirmed (Docket No.
    64816). The plaintiffs appeal.
        In an opinion by Chief Justice WILLIAMS, joined by Justices
    BRICKLEY, CAVANAGH, BOYLE, and RILEY, the Supreme Court
    held:
        Where evidence is presented which raises an issue regarding
    a driver's incompetence or inexperience as a causal factor in an
    accident, the jury may be instructed that it may draw an
    inference of negligence from the violation of a licensing statute
    and to decide whether such negligence was in fact a proximate
    cause of the accident. Scant evidence of a plaintiff's alleged
    failure to mitigate damages which raises an issue for the jury's
    decision may support instruction of the jury regarding the
    plaintiff's duty to mitigate damages.
        1. Evidence of violation of a penal statute creates a presump-

REFERENCES

Am Jur 2d, Damages § 200 et seq.
Am Jur 2d, Negligence §§ 234 et seq.; 288 et seq.; 378 et seq.
Am Jur 2d, Trial § 758 et seq.
See the annotations in the ALR3d/4th Quick Index under Automo-
    biles and Highway Traffic.

tion of negligence which may be rebutted by evidence of a legally sufficient excuse for the violation. Absent such excuse, a jury may infer negligence on the basis of the violation and then determine whether the violation was a proximate cause of an accident.

2. The use of a statutory violation to establish negligence is a matter of judicial discretion; however, the relevance of the violation must be specifically established. Factors which the court may apply in determining relevance are whether the statute is intended to protect against the result of the violation, the plaintiff is within the class intended to be protected by the statute, and the evidence will support a finding that the violation was a proximate contributing cause of the occurrence.

3. In this case, the plaintiff's violation of the motorcycle endorsement requirement was relevant. The licensing statute is intended to protect against accidents involving motorcycles driven by persons not legally recognized as competent, the plaintiff is within the class of persons intended to be protected, and the plaintiff's failure to obtain the endorsement could properly have been found by the jury to have been a causal factor. The instruction by the trial court properly informed the jury of its duty to find whether the violation was a proximate cause of the plaintiff's injuries.

4. An injured party has a duty to exercise reasonable care to minimize damages, including obtaining proper medical or surgical treatment. Although the evidence of the plaintiff's failure to mitigate damages was weak, there was evidence that he had not followed the advice of his physician regarding obtaining further tests. Even scant evidence may support instruction where it raises an issue for the jury's decision.

Affirmed.

Justice LEVIN, joined by Justice ARCHER, dissenting, stated that the instruction was erroneous in permitting the jury to infer that the cyclist was negligent solely on the basis that because he did not have a license he may not have had the skills to obtain a license.

136 Mich App 75; 356 NW2d 275 (1984) affirmed.

OPINION OF THE COURT

1. NEGLIGENCE — JURY INSTRUCTIONS — VIOLATION OF PENAL STAT-
UTE — MOTORCYCLES.

Where evidence is presented which raises an issue regarding a driver's incompetence or inexperience as a causal factor in an accident, the jury may be instructed that it may draw an inference of negligence from the violation of a licensing statute

and to decide whether such negligence was in fact a proximate cause of the accident.

2. NEGLIGENCE — VIOLATION OF PENAL STATUTE — PRESUMPTION OF NEGLIGENCE.

Evidence of violation of a penal statute creates a presumption of negligence which may be rebutted by evidence of a legally sufficient excuse for the violation; absent such excuse, a jury may infer negligence on the basis of the violation and then determine whether the violation was a proximate cause of an accident.

3. NEGLIGENCE — JURY INSTRUCTIONS — RELEVANCE — JUDICIAL DISCRETION — VIOLATION OF PENAL STATUTE.

The use of a statutory violation to establish negligence is a matter of judicial discretion; however, the relevance of the violation must be specifically established; factors which the court may apply in determining relevance are whether the statute is intended to protect against the result of the violation, the plaintiff is within the class intended to be protected by the statute, and the evidence will support a finding that the violation was a proximate contributing cause of the occurrence.

4. DAMAGES — JURY INSTRUCTIONS — DUTY TO MITIGATE.

Where even scant evidence is presented of a plaintiff's alleged failure to mitigate damages, an instruction of the jury regarding a plaintiff's duty to mitigate damages may be supported where it raises an issue for the jury's decision.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Robert D. Brignall* and *James M. Prahler*), for the plaintiffs.

*Dice, Sweeney, Sullivan, Feikens, Hurbis & Foster, P.C.* (by *Jon Feikens* and *Dennis J. Mendis*), for defendant American Honda Motor Co., Inc.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*) for defendant Anderson Sales & Service, Inc.

WILLIAMS, C.J. This motorcycle accident case presents two issues involving jury instructions. The first question is whether it was error for the

trial judge to instruct the jury that it could infer negligence from plaintiff's failure to obtain a motorcycle endorsement as required by MCL 257.312a, 257.312b; MSA 9.2012(1), 9.2012(2). We hold that where evidence is presented which raises an issue regarding a driver's incompetence or inexperience as a causal factor in an accident, the jury may be instructed that it may draw an inference of negligence from the violation of a licensing statute. It is then for the jury to decide whether such negligence was in fact a proximate cause of the accident. The court's instruction in this case was therefore proper.

The second question is whether it was error for the court to instruct the jury regarding the plaintiff's duty to mitigate damages. Since evidence was presented that the plaintiff did not follow the course of action recommended by his physician, we find the court's instruction was warranted.

We therefore affirm the decision of the Court of Appeals.

## I. FACTS

Plaintiff, Stephen Klanseck, brought this action, seeking damages for injuries suffered in a motorcycle accident which occurred May 27, 1976. Mr. Klanseck had that day purchased a Honda GL 1000 motorcycle from defendant Anderson Sales & Service, Inc., and was heading for home with his new cycle when the machine began to "fishtail." Plaintiff applied the brakes and the motorcycle slid sideways and went down, resulting in plaintiff's injuries.

Following the accident, plaintiff received sutures in his left arm, was x-rayed and released. Twelve days later, a fracture of plaintiff's right wrist was diagnosed and treated. Plaintiff, who was em-

ployed as an auto mechanic, claimed that his injuries resulted in chronic pain and numbness in his left arm and hand, which interfered with his work and eventually resulted in a serious mental disorder.

After the accident, it was found that the front tire had deflated. A small hole was later discovered on the portion of the tube that contacted the wheel rim. Plaintiff's expert witness testified that the puncture resulted from the improper placement of a rubber strip, allowing contact between the tube and the metal heads, or nipples, of the spokes on the front rim.

Plaintiff had not previously owned a motorcycle. He had had approximately ten hours of experience riding a small "dirt bike," and three hours of experience riding a friend's Honda GL 1000. He admitted on cross-examination that, although he was aware that he was required by law to obtain a motorcycle endorsement on his driver's license, he had not done so. He also stated that he knew at the time of the accident that the proper response to a blowout was to allow the motorcycle to coast to a stop without applying the brakes. He explained that he did not follow that procedure because he did not realize that the tire was losing air pressure. "A brand new bike, I didn't know whether something was left loose or what the problem was."

The defendants presented as witnesses experienced motorcycle riders who testified that a front tire blowout would not cause a fall if the machine were handled properly. The trial court instructed the jury that it might infer negligence if it found that plaintiff violated a statute, and must then decide if such negligence was a proximate cause of the accident. The court also gave an instruction on plaintiff's duty to mitigate damages. Plaintiff ob-

jected to instructions on comparative negligence and to the mitigation instruction.

The jury found that both defendants were negligent and had breached implied warranties to the plaintiff. Damages were assessed in the amount of $40,000, reduced to $16,000 by the jury's finding of sixty percent comparative negligence on the part of the plaintiff. The Court of Appeals affirmed, 136 Mich App 75; 356 NW2d 275 (1984). This Court granted leave to appeal June 26, 1985, 422 Mich 936 (1985).

## II. VIOLATION OF A LICENSING STATUTE AS EVIDENCE OF NEGLIGENCE

The trial court instructed the jury as follows:

> Now, there are some statutes that will apply in this case. In this situation we have one statute I will read as follows, and it states: A person, before operating a motorcycle upon a public street or highway in this State, shall procure a motorcycle endorsement on the operator or chauffeur's license.
>
> A second part of that same statute reads on as follows: Before a person is issued a motorcycle endorsement on an operator's or chauffeur's license, the person shall pass an examination as provided in section 309, and the rules of the Department of State.
>
> Each written examination given an applicant for a motorcycle endorsement on an operator's or chauffeur's license, as provided in section 309, shall also include subjects designed to cover a motorcycle.
>
> The person shall pass an examination which shall include a driving test designed to test the competency of the applicant for the first motorcycle endorsement on the operator or chauffeur's license, to operate a motorcycle upon the highways

of this state with safety to himself and other persons and property.

*  *  *

Now, ladies and gentlemen, if you find that the Plaintiff violated [this statute] before or at the time of the occurrence, you may infer that the Plaintiff was negligent.

You must then decide whether such negligence was a proximate cause of this occurrence.

Plaintiff argues that the instruction regarding the licensing statute was erroneous because his failure to obtain a motorcycle endorsement could not be found to have caused the accident. He contends that his negligence, if any, must be judged according to what he did or did not do when confronted by the sudden emergency caused by the rapid deflation of the front tire and that the licensing statute is therefore irrelevant on the issue of negligence.

A

In upholding the instruction, the Court of Appeals relied on *Turri v Bozek,* 79 Mich App 212; 261 NW2d 264 (1977), rev'd on other grounds 406 Mich 900 (1979), and *Parks v Pere Marquette R Co,* 315 Mich 38; 23 NW2d 196 (1946). *Turri* involved a collision between a motorcycle and a camper in which there was evidence of negligence on the part of both drivers. The trial court instructed the jury that the plaintiff's failure to obtain a motorcycle endorsement constituted negligence per se, and the jury returned a verdict of no cause of action. The Court of Appeals affirmed the trial court, finding that the fact of plaintiff's violation of the licensing statute met the criteria of relevance established by the Michigan Standard

Jury Instructions.[1] Because this Court had recently adopted comparative negligence in *Placek v City of Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), the *Turri* case was reversed and remanded for a new trial pursuant to that opinion.

In *Parks,* plaintiff's decedent was killed while a passenger in his own automobile which was being driven by a friend. The question in that case was whether the trial court erred in instructing that the negligence of the driver, if found by the jury, should be imputed to plaintiff's decedent, and in refusing to instruct the jury that the driver's lack of an operator's license had no bearing on the question of negligence. This Court upheld the trial court's actions, noting with regard to the licensing issue:

> As bearing upon the question of contributory negligence it was competent to disclose to the jury that the driver of decedent's automobile did not have a license, since an unlicensed driver operating an automobile upon the highways of this State does so in direct violation of the statute. [Citation omitted. *Id.,* 48.]

Perhaps because it would have made no difference in the result, the *Parks* Court did not indicate whether the violation of the licensing statute was evidence bearing on the negligence of the driver, which could be imputed to plaintiff's decedent, or whether the lack of an operator's license was evidence bearing directly on the negligence of the decedent in entrusting his automobile to an unlicensed driver. Therefore, although *Parks* is in-

---

[1] The Court noted that *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976), abandoned the per se rule and adopted a standard providing that a statutory violation establishes a prima facie case of negligence. Since *Zeni* was decided after the trial in *Turri,* the Court found that "the lower court's instruction on negligence per se was proper under former law and harmless under present law." *Turri, supra,* 216.

structive, we do not view it as dispositive in the present case.

B

The fact that a person has violated a safety statute may be admitted as evidence bearing on the question of negligence. In some instances, it may be said that the Legislature, in enacting a statute prescribing a certain course of conduct, has fixed a standard of reasonableness which may be viewed as a settled rule, removing from the jury the task of making its own determination of reasonable behavior in a negligence case.[2] Thus, for example, in a case involving a child who suffocated in an abandoned refrigerator, the existence of a state statute prohibiting the abandonment of a refrigerator without removing its door would relieve the jury of a decision whether the person who abandoned the appliance was negligent to have done so. In many jurisdictions, such a statutory violation is said to be negligence per se, conclusively removing the determination of negligence from the jury.[3]

In Michigan, however, the rule is that evidence of violation of a penal statute creates a rebuttable presumption of negligence. *Zeni v Anderson,* 397 Mich 117, 128-129; 243 NW2d 270 (1976). This presumption may be rebutted by evidence of a legally sufficient excuse for the statutory violation. Absent such excuse, the jury may infer negligence on the basis of the violation. It is then for the jury to determine whether violation of the statute was a proximate cause of the accident.

[2] See Prosser & Keeton, Torts (5th ed), § 36, pp 229-230.

[3] *Olson v Ratzel,* 89 Wis 2d 227; 278 NW2d 238 (1979); *Seim v Garavalia,* 306 NW2d 806 (Minn, 1981); *Nazareno v Urie,* 638 P2d 671 (Alas, 1981); *Hartenbach v Johnson,* 628 SW2d 684 (Mo App, 1982); *Murray v O & A Express,* 630 SW2d 633 (Tex, 1982).

The use of a statutory violation to establish negligence is a matter of judicial discretion. *Zeni, supra,* p 137. The Note on Use for Michigan Standard Jury Instruction 12.01, Violation of Statute, provides that the instruction should be given only if

> 1. the statute is intended to protect against the result of the violation;
> 2. the plaintiff is within the class intended to be protected by the statute; and
> 3. the evidence will support a finding that the violation was a proximate contributing cause of the occurrence.

These factors are necessary to a determination of relevance. When a party is alleged to have violated a safety statute, the court may apply the factors above in assessing whether the claimed violation is relevant to the facts presented at trial. Thus, for example, if the plaintiff were shown to have been driving a motorcycle unequipped with a headlight in violation of a statute, such violation would be irrelevant in litigation involving a single vehicle accident in daylight in which plaintiff's ability to see or be seen was not at issue. In such a case, a court might hold, under the third factor listed above, that a driver's violation of the headlight statute could not have been a proximate cause of the accident. In short, the statutory violation would be irrelevant to the facts of the case.

While we hold today that, in certain cases, the fact that a person has violated the motorcycle licensing statute may be used as evidence of negligence, we caution that relevance must be specifically established. As the Supreme Court of Florida stated in *Brackin v Boles,* 452 So 2d 540, 545 (Fla, 1984):

Relevancy is usually inherently established when the traffic regulation which was violated concerns the manner in which an automobile was operated. Relevancy is not so easily established when the traffic regulation which was violated concerns a licensing requirement.

We thus do not find it necessarily inconsistent with our holding here to note that a number of opinions of appellate courts in our sister states have found a party's violation of a licensing statute irrelevant to the issues presented.[4] We find the analysis of the *Brackin* court instructive:

Thus the real issue in this case is whether the trial judge erred in deciding as a matter of law that Brackin's violating the restriction on his license was not relevant to the manner in which he was operating the automobile. In some situations the violation of such a restriction may be relevant to show the driver's inexperience and incompetence in handling an automobile. . . . In this case, however, Brackin's experience and competence were not placed in issue. Moreover, the accident took place only a few days before Brackin's seventeenth birthday and he had been driving for almost two years. Boles' case did not rest upon Brackin's inexperience, but rather upon the allegation that Brackin was exceeding the speed limit. We therefore find that the trial court was correct in ruling that Brackin's violation of [the licensing statute] was not relevant and therefore was inadmissible. [*Id.*]

---

[4] See, e.g., *Mattero v Silverman,* 71 NJ Super 1, 8; 176 A2d 270 (1961), stating the rule that "mere lack of an operator's license is not in itself evidence of negligence in the operation of a motor vehicle, in the absence of some causal connection between the injury and the failure to have the license," citing Anno: 29 ALR2d 963, 970; *Mutz v Lucero,* 90 Ariz 38, 41; 365 P2d 49 (1961), lack of license inadmissible as evidence of negligence; *Lunski v Lindemann,* 270 Or 316, 320-321; 527 P2d 254 (1974), and *Fielding v Driggers,* 126 Ga App 365; 190 SE2d 601 (1972), evidence of lack of motorcycle endorsement was properly excluded where there was no causal connection in producing the accident.

In some cases, however, courts in other jurisdictions have found that violation of a licensing statute is relevant in a negligence case. In *Dorsett v Dion,* 347 So 2d 826 (Fla App, 1977), the plaintiff brought an action for damages for injuries suffered in an accident allegedly involving the defendant's car, although there was no contact between the two vehicles. The court held that where plaintiff's injury may have resulted from her inexperience and inability to handle her car, evidence that she was driving in violation of a learner's permit was relevant, since it could be found to have a causal connection. See also *Duncan v Hixon,* 223 Va 373; 288 SE2d 494 (1982).

The question facing the court, then, is whether, considering the evidence in the present case, plaintiff's lack of a motorcycle endorsement could be found to have a causal connection and was therefore relevant to the matters at issue.

Considering the first two factors of the relevancy test, we agree with the Court of Appeals that the motorcycle licensing statute is intended to protect against accidents involving motorcycles driven by persons not legally recognized as competent, and that plaintiff is within the class of persons intended to be protected by the statute. With regard to the third factor, we find that plaintiff's failure to obtain an endorsement could properly have been found by the jury to have been a causal factor in the accident because plaintiff's experience and competence were placed in issue by defendant's presentation of evidence. Defendant's theory of the case was that the accident could have been avoided if plaintiff had handled the motorcycle competently when he first felt the effect of the loss of air in the front tire. Defendant presented witnesses who testified regarding the safest procedure to follow in the event of a blowout. Under the

unique facts of this case, we find that plaintiff's statutory violation was relevant.

The foregoing discussion of the relevancy determination involves a decision to be made by the court as a matter of law that, according to the evidence presented, the jury *could* find a causal connection between the statutory violation and the accident. This determination should not be confused with the jury's duty to decide, as a matter of fact, whether the violation *was* a proximate cause of the accident. The quoted instruction properly informed the jury of its duty to find whether the statutory violation was a proximate cause of plaintiff's injuries.

### III. FAILURE TO MITIGATE DAMAGES

With regard to plaintiff's alleged failure to mitigate damages, the court gave the following instruction:

> Now, a person has a duty to use ordinary care to minimize his own damages after he has been injured, and it is for you to decide whether the Plaintiff failed to use such ordinary care and, if so, whether any damages resulted from such failure.
>
> You may not compensate the Plaintiff for any portion of his damages which resulted from his failure to use ordinary care.

Plaintiff contends that this instruction was erroneous because no evidence was presented that would create an issue as to plaintiff's failure to mitigate his damages. Defendant points to the testimony of Dr. Gary W. Roat, and claims that it creates an issue on the question of mitigation. Dr. Roat, a neurologist, testified that the plaintiff had come to him on referral from another physician about a year after the accident and that he had

treated the plaintiff a number of times for numbness and tingling in his hand as well as back and leg pain. After trying several medications, Dr. Roat recommended that plaintiff undergo additional diagnostic tests, including nerve conduction studies, an electromyelographic examination, and a myelogram to determine whether he had a herniated disk. According to Dr. Roat's testimony, plaintiff decided against taking these tests unless his symptoms worsened.

It is well-settled that an injured party has a duty to exercise reasonable care to minimize damages, including obtaining proper medical or surgical treatment. *Poikanen v Thomas Furnace Co,* 226 Mich 614, 618-619; 198 NW 252 (1924); *Smith v Jones,* 382 Mich 176, 186; 169 NW2d 308 (1969). It is also settled that the charge of the court must be based upon the evidence and should be confined to the issues presented by the evidence. *Susich v Michigan Consolidated Gas Co,* 292 Mich 612, 616; 291 NW 26 (1940); *Litvin v Joyce,* 329 Mich 56, 60; 44 NW2d 867 (1950).

Although the evidence of plaintiff's alleged failure to mitigate damages was weak, there was evidence that plaintiff had not followed the recommendation of Dr. Roat. Even scant evidence may support an instruction where it raises an issue for the jury's decision. *McKinch v Dixon,* 391 Mich 282, 286; 215 NW2d 689 (1974). The trial court's instruction on failure to mitigate damages was proper.

Affirmed.

BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred with WILLIAMS, C.J.

LEVIN, J. (*dissenting*). The instruction was, in my opinion, erroneous in permitting the jury—

even if it was satisfied that the cyclist was not negligent at the time of the accident—to infer that he was negligent solely on the basis that, because he did not have a license, he may not have had the skills to obtain a license. Whether the cyclist had the requisite skills or not, if he in fact operated the motorcycle with due care the jury could not properly find that he was negligent, and the instruction should not have permitted the jury to find that he was negligent.

ARCHER, J., concurred with LEVIN, J.