42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walton KING; Dawn King, Individually and as Next Friend of
Nicholas King, Plaintiffs-Appellants,
v.
BERNER INTERNATIONAL CORPORATION, Defendant-Appellee.
 No. 93-2018.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1994.
 
 Before: SUHRHEINRICH, SILER and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Walton King appeals from the district court's order granting summary judgment in this diversity action to defendant Berner International Corporation. We AFFIRM.
 
 I.
 
 2
 At the time of his accident, King was a truck driver for Preston Trucking. On the day in question, he delivered a truckload of industrial air curtains to the Ford Motor Company plant in Dearborn. The air curtains, which weigh roughly 800 pounds, were packaged in wooden crates. Both are manufactured by defendant. A contractor who was to install the items met King, and unloaded the air curtains, using a forklift truck. Plaintiff was injured when he tried to move a crate across the flatbed by pulling on a slat. The slat broke, and plaintiff flipped backwards off the trailer, landing on his head.
 
 
 3
 The crate, which plaintiff maintains was defective, was made up of one-inch-by-four-inch pine planks. The crates had skids or pallets, made of two-inch-by-four-inch, and one-inch-by-four-inch planks, on the bottom, to allow a forklift to place its forks underneath the crating.
 
 
 4
 The district court granted defendant's motion for summary judgment, concluding that because the crating was a simple tool, defendant had no duty to warn of any obvious dangers, or to prevent injury from their improper use. In reviewing that decision, we must apply the same law as would be applied by the Michigan state courts. See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938); Kirk v. Hanes Corp., 16 F.3d 705, 707 (6th Cir.1994).
 
 II.
 A.
 
 5
 Under Michigan law, it is well-established that a manufacturer has no duty to warn of open and obvious dangers in the context of simple tools or products. Glittenberg v. Doughboy Recreational Indus., 491 N.W.2d 208 (Mich.1992) (Glittenberg II); Owens v. Allis-Chalmers Corp., 326 N.W.2d 372 (Mich.1982); Fisher v. Johnson Milk Co., 174 N.W.2d 752 (Mich.1970). Further, this court recently determined in Kirk that the "open and obvious danger" remains applicable to design defect claims for simple tools. Kirk, 16 F.3d at 710 (after review of current state of Michigan law, concluding that "the 'open and obvious danger' rule, first enunciated in Fisher, remains a valid limitation on a manufacturer's liability for claimed 'design defects' in Michigan cases arising out of the use of simple tools.").
 
 
 6
 The threshold issue is whether the crate can be considered a simple product or tool. Like a wire carrier, a crate is designed to protect the product within from damage during transit. Both are nonmechanical, uncomplicated products with "universally known characteristics." See Fisher, 174 N.W.2d at 752 (wire milk carrier is a simple tool); see also Glittenberg II, 491 N.W.2d at 217 (defining characteristics of pool, undisputedly a simple tool). We therefore find that the district court properly concluded that the crate was a simple tool.
 
 
 7
 The next inquiry is whether the injury suffered by plaintiff was caused by dangerous characteristics of such an obvious nature that there was no duty to warn. We think casual observation by a typical user of ordinary intelligence would reveal that the one-by-four-inch wooden slat was not a handle and that it could not be used to pull a container with an 800-pound object inside. Glittenberg II, 491 N.W.2d at 213; Fisher, 174 N.W.2d at 753. As noted by the district court: "The slat's own narrow dimensions communicate its potential weakness better than any cautionary label." Further, there is no dispute that primary purpose of the crate was to protect the unit from damage during transit, a fact to which plaintiff's expert witnesses, Robert C. Locy and William Kaat, and plaintiff himself agreed. (See Kaat Dep., J.A. at 357; Locy Dep. at 389; King Dep., J.A. at 384, 385).
 
 
 8
 Plaintiff also offers expert testimony that it was industry practice to stamp "Not A Handle" on the slats. See Aff. of William Kaat, J.A. at 226. This does not alter our conclusion. The fact that placement of warnings may have been common does not somehow elevate the practice into a duty. See Schultz v. Consumers Power Co., 506 N.W.2d 175, 180 (Mich.1993) (argument on basis of industry standards goes to question of whether defendant breached its duty of care, not whether a duty existed). Further, there is no proof that defendant undertook a duty to warn. Cf. Zettle v. Handy Mfg. Co., 998 F.2d 358, 363 (6th Cir.1993) (by placing a warning on the power washer, defendant undertook a duty to warn).
 
 B.
 
 9
 Fisher also teaches that this patent danger obviates any duty to render the product more safe. Or, in the language of Kirk, we hold that even if the risk of injury to King was foreseeable, it was not unreasonable because of the obviousness of the danger, and is appropriately resolved as a matter of law. Kirk, 16 F.3d at 710.
 
 
 10
 In an effort to establish a duty, plaintiff refers to National Motor Freight Classification 100-M, Items 245 and 568, as well as expert testimony that the lumber used in defendant's crating did not meet industry standards. These regulations are promulgated by the Interstate Commerce Commission, which has rule-making authority over the rates, classifications, rules and practice of common carriers. 49 U.S.C. Sec. 10702; Noble v. Roadway Express, Inc., 394 N.W.2d 128, 130 (Mich.Ct.App.1986), lv. appeal denied, (April 1, 1987). Violations of safety standards may be relevant to the question of negligence, however, only if the statute is designed to protect against the result of the violation, the plaintiff belongs to the class within the statute's protection, and the evidence will support a finding that the violation was a proximate cause which contributed to the occurrence. Klanseck v. Anderson Sales & Serv., Inc., 393 N.W.2d 356, 360 (Mich.1986). The classification at issue reflects an intent to protect the contents of the crate, not the handlers of the crate.
 
 
 11
 Plaintiff also offers the testimony of Safety Consultant Robert Locy, who testified that defendant should have used higher-quality lumber. See Aff. of Robert Locy, J.A. at 229; Locy Dep., J.A. at 297. Notwithstanding this,
 
 
 12
 If the manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands.
 
 
 13
 Fisher, 174 N.W.2d at 754. Cf. Rock v. Oster Corp., 810 F.Supp. 665, 666-67 (D.Md.1991) (summary judgment granted to manufacturer of fondue pot despite expert witness testimony that measures could be taken to make pot safer because "no 'expert' opinion can negate what common sense dictates: that care needs to be taken to prevent a pot containing hot oil from being knocked over"), aff'd, 983 F.2d 1057 (4th Cir.1993) (unpublished). In short, we find that plaintiff's evidence cannot resurrect his design defect claim.
 
 
 14
 For all the foregoing reasons, the judgment of the district court is AFFIRMED.