# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 7, 2010

139144

SHARON BROOKS, Personal Representative
of the Estate of Dominique Wade, Deceased,
        Plaintiff-Appellee,

v

STARR COMMONWEALTH.
        Defendant/Cross-
        Defendant-Appellant,
and

BRIDGEWAY SERVICES, L.L.C.,
        Defendant/Cross-
        Plaintiff-Appellee.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 139144
COA: 277469
Oakland CC: 2005-065114-NO

On order of the Court, leave to appeal having been granted, and the briefs and oral argument of the parties having been considered by the Court, we REVERSE that part of the judgment of the Court of Appeals that reversed in part the summary disposition order of the Oakland Circuit Court and we REINSTATE the summary disposition order of the Oakland Circuit Court. Generally, a person has no duty to protect another from the dangerous or criminal conduct of a third person. *Murdock v Higgins,* 454 Mich 46, 54 (1997); *Graves v Warner Bros,* 253 Mich App 486, 493 (2002), lv den 969 Mich 853 (2003). There is no special relationship here that creates an exception to this general rule. MCL 803.306a, which is part of the youth rehabilitation services act, MCL 803.301 *et seq.,* and which requires a facility to immediately notify a police agency of a public ward's escape and requires the notified police agency to enter that information on the law enforcement information network without undue delay, does not create an actionable duty in favor of the general public. The principal purpose of the act is to provide for public wards. Further, as the circuit court concluded, under the facts of this case there is no proximate cause, and only speculation, that links the delay in reporting the escape of the public ward and the ward's intentional killing of the decedent 11 days later.

CAVANAGH, J. (*dissenting*).

I would affirm the Court of Appeals result because, on the facts of this case, the evidence of Starr Commonwealth's violation of MCL 803.306a was sufficient to create a rebuttable presumption of negligence under *Klanseck v Anderson Sales & Service, Inc*, 426 Mich 78; 393 NW2d 356 (1986). The issue of proximate cause should be submitted to a jury. See *id*. at 90 and *McMillan v State Hwy Comm*, 426 Mich 46, 63 n 8; 393 NW2d 332 (1986).

KELLY, C.J., and HATHAWAY, J., join the statement of CAVANAGH, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 7, 2010

*Corbin R. Davis*

Clerk

0504