# STATE OF MICHIGAN

# COURT OF APPEALS

DOUGLAS MELROSE,

Plaintiff-Appellee,

v

RICKY WARNER and WARNER TRUCKING &
EXCAVATING, INC.,

Defendants-Appellants.

UNPUBLISHED
August 2, 2016

No. 325717
Saginaw Circuit Court
LC No. 13-020555-NI

Before: FORT HOOD, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

GADOLA, J. (*dissenting*).

I respectfully dissent because I believe that the trial court failed to properly determine whether the evidence of each alleged statutory violation was relevant to the issue of proximate cause.

In Michigan, evidence of violation of a penal statute may be introduced in a negligence action to create a rebuttable presumption of negligence. *Klanseck v Anderson Sales & Service, Inc*, 426 Mich 78, 86; 393 NW2d 356 (1986); *Zeni v Anderson*, 397 Mich 117, 128-129; 243 NW2d 270 (1976); *Poch v Anderson*, 229 Mich App 40, 48; 580 NW2d 456 (1998). To be admissible, however, the relevance of the evidence of the statutory violation must be specifically established. *Klanseck*, 426 Mich at 87. The factors necessary to such a determination of relevance are (1) whether the statute was intended to protect against the result of the violation, (2) whether the plaintiff was within the class intended to be protected, and (3) whether the evidence would support a finding that the violation was a proximate contributing cause of the event in the negligence case. *Id*. If these factors are met, the evidence of statutory violation may be introduced, and the presumption of negligence created may thereafter be rebutted by evidence of a legally sufficient excuse for the violation. *Id*. at 86. The determination of whether the violation of the statute was a proximate cause of the event in the negligence case is then left to the jury to decide. *Id.*; *Rodriguez v Solar of Mich, Inc*, 191 Mich App 483, 488; 478 NW2d 914 (1991).

In this case, plaintiff's Amended Complaint alleged that defendants had failed to inspect the vehicle and that defendant Ricky Warner had failed to possess a valid health card and a valid commercial driver's license at the time of the accident. In response to these allegations, defendants filed a motion in limine in the trial court seeking to exclude any evidence that

defendants had allegedly violated any regulations or statutes. Specifically, defendants sought to exclude any evidence that defendants had violated any law by allegedly failing to inspect the vehicle, by defendant Ricky Warner failing to have a valid medical card, by defendant Ricky Warner having an invalid commercial driver's license, or that defendants had violated any federal safety regulations pursuant to the Federal Motor Carrier Safety Act, 49 USC 31100 *et seq*.

In response to the motion in limine, plaintiff argued that he should be permitted to introduce evidence that defendants had violated several sections of the Federal Motor Carrier Safety Regulations, specifically, 49 CFR 390.35 (falsification/alteration of reports), 49 CFR 391.41 (operating without a medical card), 49 CFR 392.60 (unauthorized person in vehicle), 49 CFR 396.3 (improper inspection), 49 CFR 396.7 (unsafe operations), 49 CFR 396.11 (improper and fraudulent driver vehicle inspection report), 49 CFR 396.13 (improper driver inspection), 49 CFR 396.17 (numerous violations of the required periodic inspection), 49 CFR 396.19 (annual inspector unqualified), 49 CFR 396.21 (violation of record keeping requirements), and 49 CFR 396.25 (brake inspector unqualified).

In ruling upon defendants' motion in limine, the trial court accurately noted that the test in *Klanseck* was determinative, and also accurately noted that the determination of the relevance of evidence of a statutory violation is one of law to be determined by the court. The trial court, however, did not then specifically determine the relevance of each alleged violation. Instead, the trial court simply concluded that any evidence of a statutory violation alleged by plaintiff was admissible, reasoning that the determination of proximate cause is ordinarily left to the trier of fact. In other words, the trial court did not distinguish between the role of the jury in determining proximate cause and the role of the trial court in determining whether the plaintiff had sufficiently established the relevance of a particular statutory violation for it to be submitted to the jury. In this, the trial court erred.

In *Klanseck* our Supreme Court specifically identified a trial court's decision to permit the introduction of evidence of a regulatory violation as a question of law. Our Supreme Court stated:

> The foregoing discussion of the relevancy determination involves a decision to be made by the court as a matter of law that, according to the evidence presented, the jury *could* find a causal connection between the statutory violation and the accident. The determination should not be confused with the jury's duty to decide, as a matter of fact, whether the violation *was* a proximate cause of the accident. [*Klanseck*, 426 Mich at 90.]

Here, the trial court failed to make a specific determination regarding each alleged violation, and simply allowed evidence of any and all alleged statutory violations to be submitted to the jury, reasoning that the jury makes the decision regarding proximate cause. The trial court therefore failed to follow the directive of *Klanseck* that requires the trial court to make a specific relevancy determination regarding any alleged statutory violation before submitting such evidence to the jury.

Questions of law are reviewed by this Court de novo. *Cardinal Mooney High School v Mich High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991); *Smith v Jones*, 246 Mich App 270, 274; 632 NW2d 509 (2001). Because the trial court's determination was one of law, we review de novo the trial court's decision regarding the admission of the evidence of alleged statutory violations. Here, a review of the record indicates that at least some of the alleged statutory violations were not relevant to the issue of proximate cause[1], that is, evidence of the alleged violations would not support a finding that the violations were proximate contributing causes of the accident. See *Klanseck*, 426 Mich at 87.

Plaintiff's theory of defendants' liability essentially is twofold: First, plaintiff alleges that the accident was caused by a tire blowout, that the tire blowout might have been caused by a worn or defective tire, that defendants may have failed to identify the potentially worn or defective tire because they failed to inspect the truck as required by certain federal regulations, and that defendants' failure to comply with the regulations was therefore relevant because inspection might have revealed the tire's worn or defective condition (that may or may not have existed). Therefore, argues plaintiff, defendants' failure to comply with federal regulations related to inspection of the truck was a proximate cause of the accident.

Plaintiff's second theory of liability is that once the tire blew out, defendant Ricky Warner's handling of the truck was negligent. Plaintiff reasons that defendant Ricky Warner should have taken different steps to attempt to maintain control of the truck, and if he had, the accident may have been averted or lessened in severity. Plaintiff reasons that defendants' failure to comply with certain federal regulations, such as having a valid medical card at the time of the accident, demonstrates that defendants failed in a component of being properly licensed, that being properly licensed is relevant to one's driving competence, and that evidence of failure to comply with regulations, such as having a valid medical card, is relevant to whether defendant is a competent driver. All of which, plaintiff contends, is relevant to whether defendant was negligent in his response to the tire blowout.

Although an argument can be made that violating a regulation that requires inspection of the vehicle is relevant to the issue of the condition of the vehicle, it is a stretch of reasoning to say that failure to comply with a licensing requirement, for example, failure to have a valid medical card, is relevant to the issue of whether defendant Ricky Warner properly responded when the tire blew out. If it is relevant, then it would seem that all licensing violations are

---

[1] For example, there appears to be no relevance to the issue of proximate cause of plaintiff's contention that defendant Ricky Warner failed to possess a valid medical card while driving the truck as required by 49 CFR 391.41, that defendant Ricky Warner as the driver failed to obtain from himself as defendant Warner Trucking & Excavating, Inc., the motor carrier, written permission to have plaintiff as a passenger in the truck as required by 49 CFR 392.60, nor to the allegation that defendant Ricky Warner as the driver failed to provide to himself as defendant Warner Trucking & Excavating, Inc., the motor carrier, a written report at the end of each day's work regarding the status of the vehicle as required by 49 CFR 396.11.

relevant, and that is a result that *Klanseck* cautions against. Rather, our Supreme Court in *Klanseck* stated:

> While we hold today that, in certain cases, the fact that a person has violated the motorcycle licensing statute may be used as evidence of negligence, we caution that relevance must be specifically established. As the Supreme Court in Florida stated in *Brackin v Boles*, 452 So 2d 540, 545 (Fla, 1984): Relevancy is usually inherently established when the traffic regulation which was violated concerns the manner in which an automobile was operated. Relevancy is not so easily established when the traffic regulation which was violated concerns a licensing requirement. [*Klanseck*, 426 Mich at 87-88 (quotation marks omitted).]

I therefore would hold that the trial court failed to properly determine the relevance of the specific alleged statutory violations before permitting evidence of those alleged violations to be submitted to the jury. As a result, evidence that had not been determined to be relevant was submitted to the jury. Ordinarily, an error in the admission of evidence does not warrant appellate relief unless refusal to do so is inconsistent with substantial justice or affects a substantial right of a party. *Badiee v Brighton Area Schs*, 265 Mich App 343, 356; 695 NW2d 521 (2005). In this case, the trial court permitted plaintiff to introduce evidence regarding alleged violations of eleven federal regulations pertaining to two different theories of liability without the trial court determining the relevance of that evidence. The jury responded with a substantial award to plaintiff. It is impossible to say upon which of plaintiff's two theories the jury based its award or to say that the jury did not rely upon irrelevant evidence in making the award. I therefore cannot conclude that the erroneous admission of the evidence was consistent with substantial justice or did not affect the substantial rights of a party.

I further conclude that defendants were entitled to a directed verdict on the issue of lost earnings. At the conclusion of the proofs before the trial court, defendants moved for a directed verdict on the issue of lost earnings, arguing that the only evidence presented on that issue was plaintiff's unsubstantiated testimony that he anticipated earning between $17,000 and $25,000 annually in the coming years. The trial court denied defendants' motion. The jury award thereafter included $16,000 annually in lost future earnings. Defendants argue on appeal that the only evidence of anticipated earnings was plaintiff's own testimony, which was so speculative that plaintiff failed to carry his burden of proof. I agree.

Appellate review of a trial court's decision on a motion for directed verdict is de novo. *Sniecinsky v Blue Cross & Blue Shield of Mich*, 469 Mich 124, 131; 666 NW2d 186 (2003). A motion for directed verdict should be granted only if the evidence and all legitimate inferences arising from that evidence, when viewed in a light most favorable to the nonmoving party, fail to establish a claim as a matter of law. *Id*.

In a tort action, damages are not compensable if they are remote, contingent, or speculative. *Hannay v Dep't of Transp*, 497 Mich 45, 78; 860 NW2d 67 (2014). A plaintiff is not precluded from recovery simply because the damages lack precise proof, however, and mathematical precision is not required. *Id*. In this case, the parties agree that the *only* evidence supporting the award of future income was plaintiff's own testimony that, but for his injuries, he believed he would be working and earning between $17,000 and $25,000 annually. By contrast,

plaintiff also testified that he had become disabled by his health in 2007 and had therefore not been employed from 2007 until six weeks before the accident, when plaintiff began to work as a self-employed "scrapper." Plaintiff had applied for Social Security Disability benefits in 2007, and continued to have health problems just weeks before the accident[2]. To summarize, not only is there virtually no evidence to support the award, there is evidence that prior to the accident, plaintiff was not earning wages and had been unable to earn wages due to his health since 2007. Given the lack of evidence in support of the award and the existence of evidence weighing against the award, the trial court should have granted the motion for directed verdict on this issue.

For these reasons, I would vacate the jury verdict and remand for new trial.

/s/ Michael F. Gadola

---

[2]Plaintiff testified that prior to the accident, he had experienced myriad injuries and health difficulties that had affected his ability to work. Plaintiff testified that he had suffered nine heart attacks. In 1991, plaintiff was injured when he fell down a flight of steps. That same year, plaintiff accidentally shot himself in the leg, shattering his left femur. In 1995, plaintiff was beneath a jacked-up truck when the truck fell, fracturing his arm and bruising his ribs. In 1999, he was involved in a fight that resulted in injuries to his spine and left wrist. In 2005, plaintiff fell from a boat dock injuring his left shoulder. In 2006, plaintiff sustained injuries in a bus accident. In 2007, plaintiff was involved in another fight resulting in a head injury. And from 1994 until 2007, plaintiff was disabled by pulmonary embolisms, for which he ultimately sought Social Security Disability benefits in 2007. On August 2, 2010, about two weeks before the truck accident in this case, plaintiff was diagnosed with deep vein thrombosis in his legs and hospitalized with blood clots. In February 2014, after the truck accident but before trial, plaintiff again fell and suffered an acute closed-head injury and an acute lumbar strain.