# STATE OF MICHIGAN

# COURT OF APPEALS

---

DOUGLAS MELROSE,

      Plaintiff-Appellee,

v

RICKY WARNER and WARNER TRUCKING &
EXCAVATING, INC.,

      Defendants-Appellants.

UNPUBLISHED
August 2, 2016

No. 325717
Saginaw Circuit Court
LC No. 13-020555-NI

---

Before: FORT HOOD, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Defendant[1] appeals as of right from the circuit court's order reflecting the jury's finding that defendant's negligence caused the injuries plaintiff incurred as the result of a trucking accident. We affirm.

## I. FACTS

This case arose when plaintiff was injured in a single-vehicle truck accident in 2010. Defendant was driving the truck in the course of his trucking business, and plaintiff was riding in the truck as defendant's customer and passenger. The accident resulted from the blowout of the truck's left front tire. When the tire failed, defendant lost control of the truck, which then struck a median wall and burst into flames. The truck's cabin began filling with smoke, at which time defendant unfastened plaintiff's seat belt and pushed him out of the truck while the truck was still moving. Plaintiff suffered numerous injuries as a result of the accident, some of which required surgery and others that would leave him with disabling injuries for the rest of his life.

Plaintiff commenced this action in 2013, setting forth as theories of recovery a failure to maintain equipment and negligent driving. Plaintiff's amended complaint included assertions of regulatory failures, including operating without required annual or daily inspections of the truck

---

[1] It is expedient for purposes of this opinion to use the singular "defendant" without distinguishing the individual defendant from the trucking and excavating corporation under which he operates.

or a "proper health card." Before trial, defendant moved to exclude evidence or argument relating to inspections of the vehicle, defendant's health card, and alleged violations of applicable safety regulations. After the trial court denied the motion, defendant sought interlocutory relief in this Court, but we denied the application "for failure to persuade the Court of the need for immediate appellate review." *Melrose v Warner*, unpublished order of the Court of Appeals, entered November 26, 2014 (Docket No. 324772).

At trial, the plaintiff-appellee offered Don Willcutt, an expert in vehicle safety, driver training, vehicle inspection, and federal and state laws governing commercial vehicle operation. Willcutt opined from his review of the pertinent documents and depositions that at the time of the accident, defendant; lacked a required driver qualification file; was operating with an expired medical certificate; had neglected required inspections; had failed to document, or falsely documented, the maintenance and repairs performed on the truck; and was carrying an unauthorized passenger.

At the close of proofs, defendant requested a directed verdict in connection with the allegations of regulatory violations, and also in connection with plaintiff's claim for economic damages. The trial court denied both motions. The jury found defendant liable and awarded damages.

## II. STANDARDS OF REVIEW

We review a trial court's evidentiary rulings for an abuse of discretion. *Price v Long Realty, Inc*, 199 Mich App 461, 466; 502 NW2d 337 (1993). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

We review a trial court's decision on a motion for a directed verdict de novo as a question of law. *Meagher v Wayne State Univ*, 222 Mich App 700, 708; 565 NW2d 401 (1997). In doing so, we review the evidence in a light most favorable to the nonmoving party to determine whether a factual question exists over which reasonable minds could differ. *Oakland Hills Dev Corp v Lueders Drainage Dist*, 212 Mich App 284, 289; 537 NW2d 258 (1995).

## III. ANALYSIS

Defendant argues that the trial court should have excluded from trial the allegations of regulatory violations on the ground that they did not bear on the question of proximate causation of plaintiff's injuries.

> In order to be a proximate cause, the negligent conduct must have been a cause of the plaintiff's injury and the plaintiff's injury must have been a natural and probable result of the negligent conduct. These two prongs are respectively described as "cause-in-fact" and "legal causation." While legal causation relates to the foreseeability of the consequences of the defendant's conduct, the cause-in-fact prong generally requires showing that but for the defendant's actions, the plaintiff's injury would not have occurred. [*O'Neal v St John Hosp & Med Ctr*, 487 Mich 485, 496; 791 NW2d 853 (2010) (internal quotation marks and citations omitted).]

-2-

"[T]hat a person has violated a safety statute may be admitted as evidence bearing on the question of negligence." *Klanseck v Anderson Sales & Serv, Inc*, 426 Mich 78, 86; 393 NW2d 356 (1986). However, evidence "of a statutory violation to establish negligence" is discretionary and may be used only if:

1.      the statute is intended to protect against the result of the violation;

2.      the plaintiff is within the class intended to be protected by the statute; and

3.      the evidence will support a finding that the violation was a proximate contributing cause of the occurrence. [*Id*. at 87.]

The purpose of these factors is to establish that the statutory violation has some real relevance to a fact at issue in the case. *Id*. In *Klanseck*, our Supreme Court considered the relevance of a driver's failure to obtain a proper motorcycle endorsement to an assertion that he drove in a negligent or incompetent manner. *Id*. at 80-81. Our Supreme Court found that under the circumstances, motorcycle licensing was intended to curtail motorcycle accidents caused by legally incompetent drivers and that the plaintiff, despite being the driver, was within the class intended to be protected by that statute; evidence at trial also suggested that a competent driver would have handled the motorcycle's tire failure differently. *Id*. at 89-90. Consequently, the plaintiff's failure to obtain a motorcycle endorsement met the prerequisites for admissibility. *Id*. However, our Supreme Court also noted that a lack of licensure might under other circumstances be irrelevant, citing the situation where a party's inexperience or incompetence was not at issue but rather the mere factual question of whether the party was exceeding the speed limit. *Id*. at 88-89.

Part of plaintiff's theory of the case is that once defendant's tire blew, he did not handle the situation properly or in compliance with how a reasonable truck driver would have, calling into question defendant's competence as a truck driver. Having and maintaining a valid medical card is a required component of being properly licensed to operate a commercial vehicle. Being properly licensed is relevant to one's driving competency, and therefore, we conclude that defendant's failure to have a valid medical card at the time of the accident could be relevant to the matter at issue. We find that the trial court did not abuse its discretion by admitting this evidence for the jury to consider when making their decision. We need only determine if "the jury *could* find the causal connection between the statutory violation and the accident," not that they must be able to do so. *Klanseck*, 426 Mich at 90.

The theory of the case also includes allegations that defendant did not properly maintain the truck and therefore was unable to detect any issues with the tires that may have indicated that they were unsafe on which to drive. Regulations regarding daily inspections require that those inspections be documented. We consider the proper documentation of inspections to be an essential part of conducting those inspections, not merely evidence pertinent to the credibility of a party claiming that the inspections took place. Improper inspections are clearly relevant to whether a driver should have noticed a problem with the tires before driving on them.

We review the trial court's decision on evidentiary decisions only for an abuse of discretion. The facts in this case suggest that these evidentiary rulings were close calls, and we

will defer to the trial court's decision when the case presents a judgment call. Evidence of regulatory failures, while prejudicial to the defendant, do not appear to be "substantially outweighed" or *unfairly* prejudicial under these circumstances, and therefore, were properly admitted. MRE 403 [Emphasis added]. We affirm the trial court's decision to let the jury hear the evidence and make a finding of fact.

The jury was properly instructed that there could be more than one proximate cause of the accident. *Kirby v Larson*, 400 Mich 585, 605; 256 NW2d 400, 410 (1977). Additionally, the jury was not asked to parse the twin theories of deficient equipment maintenance and negligent driving. Evidence other than defendant's regulatory failures was presented to the jury; we find it within the realm of possibility that even without considering the evidence that defendant seeks to exclude, the jury would have decided the same way. Is not possible to ascertain the exact extent to which the jury's verdict resulted from the use of evidence of regulatory violations, but we do not find it necessary to determine this distinction. Finding that the admission of this evidence was not an abuse of discretion, we affirm the trial court's decision that a directed verdict for defendant would not have been proper.

Defendant also challenged the evidentiary basis for the jury's award of economic damages. The jury concluded that plaintiff's earning potential was $16,000 a year for purposes of awarding several years' worth of damages covering lost income, which defendant contends was speculative.

Amount of damages is an issue determined by trier of fact. *McManamon v Redford Twp*, 273 Mich App 131, 141 (2006). To establish that amount, plaintiff must prove his damages with "reasonable certainty," *Alan Custon Homes, Inc v Krol*, 256 Mich App 505, 512 (2003). "Recovery is not permitted in a tort action for . . . speculative damages," *Ensink v Mecosta Co Gen Hosp*, 262 Mich App 518, 524 (2004), but "damages are not speculative merely because they cannot be ascertained with mathematical precision." *Berrios v Miles, Inc*, 226 Mich App 470, 478 (1997). When reviewing a case, this court is reluctant to overturn a jury's verdict, particularly if there is ample evidence to justify the jury's decision. *Krohn v Sedgwick James of Michigan, Inc*., 244 Mich App 289, 295 (2001).

Plaintiff provided evidence of his earning capacity simply by testifying that it was between $17,000 and $25,000 annually. Although plaintiff offered no other evidence of this proposition to the court, we recognize "the factfinders responsibility to determine the credibility and weight of trial testimony." *Zeeland Farm Servs, Inc v JBL Enterprises, Inc*, 219 Mich App 190, 195 (1996). If defendant was frustrated with plaintiff's failures to comply with subpoenas to produce documentation of past income, defendant was free to move the court to compel compliance. Further, defendant could, and did, cross-examine plaintiff over his lack of documentation, and urge the jury to look skeptically on plaintiff's estimate for that reasons.

We find that plaintiff offered the jury a reasonable basis for concluding that the accident and injuries interrupted plaintiff's progress in recovering his ability to provide for himself. We further note that the jury seems to have agreed with defendant that plaintiff may have overestimated his earning capacity, having awarded less in economic damages than plaintiff's estimate would suggest. We disagree with defendant's argument that the jury did not have sufficient evidentiary basis for awarding economic damages. Therefore, the trial court properly

denied defendant's motion for a directed verdict in connection with plaintiff's claim for economic damages.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Amy Ronayne Krause